# WHEELING.

## BROWN MANUFACTURING CO. *v.* DEERING.

Submitted June 6, 1891.—Decided June 20, 1891.

**FACTORS AND AGENTS—EXECUTION.**

    A party whose entire business consists in selling agricultural implements, wagons *etc.*, as agent for the manufacturer thereof, receiving a commission for his services in disposing of the same, can not be regarded either as a trader or commission merchant; and although his name, with the addition of the words "Mfrs.' Agent," be on a sign nailed on the outside of the building in which he does business, in a conspicuous place, farming implements which he has on sale as an agent for the manufacturer are not liable to execution and sale as his property, under the provisions of section 13 of chapter 100 of the Code of West Virginia.

*V. B. Archer* for plaintiff in error, cited 31 Fed. Rep. 254; Code, c. 100, s. 13; 33 W. Va. 566; 7 So. Rep. 225; Id. 499; 135 U. S. 100; Const. Art. III. s. 10.

*Merrick & Smith* for defendant in error, cited Code, c. 100 s. 13; And. L. Dict. "Trader," p. 1093; 76 Me. 500; 4 Pa. 472; And. L. Dict. 443; 52 Miss. 13; Sto. Ag. §§ 33, 357; 50 Barb. 298; Whar. Ag. § 784; Ew. Ev. Ag. 3; 69 Ill. 237; 3 Am. & Eng. Ency. Law 317; 50 Ala. 154; 8 Bush. 12; 23 Wall 330; And. L. Dict. 818; 111 U. S. 707; 8 Saw. 274, 275; 66 Wis. 188; 6 Am. & En. Ency. Law 43; Cool. Const. Lim. 437; 117 Ill. 294; 6 Neb. 37; 44 Conn. 291; 71 Mo. 434; 74 N. Y. 519: 6 Am. & En. Ency. Law 47.

ENGLISH, JUDGE:

On the 4th day of October, 1887, the Brown Manufacturing Company sued out of the clerk's office of the Circuit Court of Wood county two writs of *fieri facias* against the goods and chattels of one Warren Morehead, which two writs were issued upon two certain judgments which had been recovered in said court against said Morehead, one of which writs was for the sum of one hundred and thirty one dollars and thirty cents, with interest from the 18th day

of April, 1879, and twenty nine dollars and forty five cents costs, and the other was for the sum of three hundred and ninety three dollars and ninety cents, with interest from the 18th day of April, 1879, and thirty dollars and fifty five cents costs. These writs were on the 4th day of October, 1887, levied upon certain personal property, to wit, one binder and four mowers, as the property of said Warren Morehead. Deering & Co. asserted a claim to the ownership of said property so levied upon, and on the 14th of November, 1887, the Brown Manufacturing Company filed in said Circuit Court its petition for the trial of the right of property to the binder and four mowers which had been levied on, as aforesaid, as the property of said Warren Morehead. An issue was made up ; the parties waived a jury ; and the court in lieu of a jury, having heard the evidence, rendered a judgment on the 8th of March, 1890, holding said property liable to sale by virtue of said executions ; and to this judgment the said William Deering & Co. objected and excepted, and moved that the same be set aside as contrary to law and the evidence and otherwise improper, and that a new trial be awarded, which motions were overruled, to which ruling and judgment of said court the said William Deering & Co. applied for and obtained this writ of error.

The court certified that all the evidence and facts read, heard and considered by the court on the trial of said issue were set forth in the agreement of facts, which was in writing and signed by the plaintiffs and defendants by their counsel, which was made part of the record in the cause, which facts are substantially as follows : First, that the date and amount of said writs of *fieri facias*, and the time and manner of their levy, and the property levied upon, are in accordance with what has been stated ; that the binder and four mowers so levied upon were claimed by said William Deering & Co. as their property at the time of said levy, and as not being subject to said executions ; that an indemnifying bond was required by the sheriff, and given by said Brown Manufacturing Company ; that said binder and four mowers were found in the building occupied by said Morehead, situated on the east side of Court square in

Parkersburg, where said Morehead was carrying on business as manufacturers' agent, selling agricultural implements and machinery, vehicles, and other merchandise, having a sign nailed on the outside of said building, in a conspicuous place, in the words following :  "Warren Morehead, Mfrs.' Agent ;" and that no other sign (except one so placed with the letters thereon stating "Studebaker's Wagons") appeared on said building ; that no notice was ever published by said Warren Morehead, as provided by section 13, c. 100, Code W. Va., and that said Morehead had been so engaged in said business for a number of years prior to said levies ; that said binder was claimed by said William Deering & Co. to be of the value of not less than one hundred and thirty dollars, and the said mowers to be not less than one hundred and eighty dollars in value.

It was further agreed that said binder and four mowers were shipped from Columbus, Ohio, by said William Deering & Co. (which is an Illinois corporation, created by the state of Illinois) to said Warren Morehead, upon the terms and conditions mentioned and set forth in a contract in writing signed by said Deering & Co. and said Morehead, dated January 18th, 1887, which contract is set forth *in haec verba* in said agreement of facts ; and said contract in substance authorizes said Morehead to receive said binders and mowers, to sell the same for said Deering & Co., and to receive commissions for so doing, providing that where they are sold on credit the notes for deferred instalments to be made payable to the order of William Deering & Co.

It was further agreed that for several years previous to the year 1887, and immediately preceding that year, the said Morehead had a license as broker and commission merchant, and that for the year 1887, while said Morehead was doing business as aforesaid, the city authorities informed him that it did not grant or impose any tax or license to brokers or commission merchants ; and it was further agreed that said Morehead claimed to be and was carrying on the same business at the same place from the 1st day of January, 1887, to the 4th day of October, 1887, and still is carrying on the same.   It was further agreed that the said William Deering and Co. claimed to own and have title to the

said binder and four mowers by virtue of the terms and conditions of said contract of January 18, 1887 ; and it was further agreed that the said Morehead had no other right to the possession of said binder and mowers than that which is shown on the face of said contract, and with the power to sell the property as therein provided, and that said binder is sometimes called a "harvester," and that said goods were shipped to said Morehead by the agent of said William Deering & Co., in pursuance of said contract, as is shown by the letter accompanying said goods at the time they were shipped, and a copy of said letter is made part of said statement of facts.

The questions presented for our consideration in this case involve a proper construction of section 13 of chapter 100 of the Code of West Virginia, p. 704, which is as follows :

"If any person shall transact business as a trader with the addition of the words 'factor,' 'agent,' 'and company,' or 'and Co.,' and fail to disclose the name of his principal or partner by a sign in letters easy to be read, placed conspicuously at the house wherein such business is transacted, and also by a notice published for two weeks in a newspaper (if any) printed in the town or county wherein the same is transacted, or if any person transact such business in his own name without any such addition, all the property, stock, choses in action acquired or used in such business shall, as to the creditors of such person, be liable for the debts of such person.    This section shall not apply to a person transacting such business under a license to him as an auctioneer or commission merchant."

In construing this section properly the first question which presents itself is : What is the true definition of the word "trader :" and who in a legal point of view are included within the word "trader ?"    One of the definitions given by Webster, and I think the true one, is "a dealer in buying and selling or barter;" and Bouvier in his Law Dictionary defines "trader :" "One who makes it his business to buy merchandise or goods and chattels, and to sell the same for the purpose of making a profit.    The quantum of dealing is immaterial when an intention to deal generally

exists. (2) Questions as to who is a trader most frequently arise under the bankrupt laws, and the most difficult among them are those cases where the party follows a business which is not that of buying and selling principally, but in which he is occasionally engaged in purchases and sales."

In 3 Pars. Cont. (5th Ed.) p. 461, and note, we find it is said: "The meaning of the word 'trader' was well set forth by Mr. Justice THOMPSON, in the Circuit Court of the United States. *Wakeman* v. *Hoyt*, 5 Law Rep. 310. The doctrine of the court was that any person engaged in business requiring the purchase of articles to be sold again, either in the same or in an improved shape, must be regarded as using the trade of merchandise, within the intent of the bankrupt law."

The law seems to contemplate buying and selling, and that both must concur in order to constitute a trader. In the American and English Encyclopedia of Law (volume 2) under the head of "Bankruptcy," note 2, under the heading, "Who is a Trader," it is said the commercial definition of a trader is one who makes it his business to buy and sell merchandise or other things ordinarily the subject of traffic. *Love* v. *Love*, 2 Pittsb. Leg. J. 101.

Now, in order that the binder and mowers levied upon as aforesaid should be liable to sale for the satisfaction of said executions against the goods and chattels of said Morehead, it is necessary, in the first place, that the said Morehead should have been transacting business as a trader; but under the facts agreed in this case, considered in the light of the legal definitions and rulings which we have quoted and cited, said Morehead could not at the time said levy was made be regarded as a trader. There is no fact in the case which indicates that he was then engaged in buying and selling goods of any character; on the contrary, it is clearly manifest from the agreed statement of facts that the business of said Morehead was confined to selling entirely, and for this reason he can not be regarded as falling within the definition of a commission merchant; for it will be found that Webster defines "commission merchant" as follows: "A merchant who transacts business as the agent of another

man in buying and selling, and receives a rate per cent. as his commission or reward." It is not pretended that said Morehead was engaged in buying any merchandise of any character from any person or for any person on commission. The said Morehead, then, being neither a trader nor commission merchant, either with or without license, according to the legal definition or common acceptation of said terms, and the business he was engaged in not having the distinguishing features which would cause him to be classed either as a trader or commission merchant, it follows that he could not be considered as transacting business either as a trader or commission merchant; and we must conclude that said binder and four mowers were not, under the circumstances of this case, subject to levy and sale under executions sued out upon judgments against the goods and chattels of said Morehead, and the judgment complained of must be reversed at the costs of the defendant in error.

REVERSED.