### In re ROBERTS.

(District Court, N. D. West Virginia. January 5, 1911.)

FRAUDULENT CONVEYANCES (§ 122*)—PREFERENCES.

> Code W. Va. 1906, c. 100, § 13, provides that if any person transact business as a trader, with the addition of the words "factor," "agent," "and company," or "& Co.," and fail to disclose the name of his principal or partner by a certain method, or if any person transact such business in his own name without any such addition, all the property, stock, and choses in action acquired or used in such business shall, as to creditors of any such person, be liable for his debts; but such section shall not apply to a person transacting business under a license to him as an auctioneer or commission merchant. *Held*, that such section did not apply to or prohibit a merchant from conveying fixtures and property used in his business by a deed of trust to secure certain of his debts, though such conveyance operated to transfer the legal title to the trustee for the benefit of the secured creditors, preserving only an equity of redemption in the merchant.
>
> [Ed. Note.—For other cases, see Fraudulent Conveyances, Dec. Dig. § 122.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Bankruptcy. In the matter of bankruptcy proceedings of Bruce Roberts. On objections to the lien claim of certain trust creditors. On petition to revise a referee's order overruling the objections and allowing the claim. Affirmed.

J. H. Brennan, for petitioners.
W. M. Werkman, for claimant Roberts.
J. C. Palmer, for claimant Ralson.

DAYTON, District Judge. The bankrupt was engaged in the ice cream and confectionery business, in partnership with Myer, and on June 25, 1907, these two as partners borrowed $500 from Reed, and to secure the same executed a deed of trust on a soda fountain, four showcases, one wall case, and one marble top counter, fixtures in their place of business. Subsequently Myer retired, and Roberts undertook alone to conduct the business, and on March 31, 1909, he borrowed from Charles B. Roberts $900, and sought to secure the same by a further deed of trust on the soda fountain, the four showcases, the wall case, and the counter, and also upon other articles of furniture and fixtures employed in the conduct of the business. In May, 1910, he became bankrupt, and in the settlement of the estate the trust creditors, Reed and Charles B. Roberts, have filed and been allowed their claims as having priority over general creditors.

To such preference, allowed by the referee, exception has been taken by the trustee and certain general creditors, who insist that under section 3468 (chapter 100, § 13) of the Code of 1906 of West Virginia, no such preference is permitted. This Code provision is as follows:

"If any person shall transact business as a trader, with the addition of the words 'factor,' 'agent,' 'and company,' or '& Co.,' and fail to disclose the name of his principal or partner by a sign in letters, easy to be read, placed conspicuously at the house wherein such business is transacted, and also by a notice published for two weeks in a newspaper (if any) printed in the town or county wherein the same is transacted, or if any person transact such business in his own name, without any such addition, all the property, stock, choses in action, acquired or used in such business, shall as to the creditors of any such person, be liable for the debts of such person. This section shall not apply to a person transacting such business under a license to him as an auctioneer or commission merchant."

This statute was first enacted by the Virginia Legislature in 1839 (Acts 1839, c. 72), and is literally copied into our law from the Virginia Code of 1860 (title 43, c. 145, § 13). Its purpose clearly was to prevent that species of fraud whereby one could carry on a business under a secret agency, and in case of misfortune permit the undisclosed principal or owner to withdraw the goods and allow creditors to suffer. It has been held, however, by the Supreme Court of Appeals of this state, that this statute does not apply to one selling farming implements, as agents for the manufacturers, upon commission. Brown v. Deering, 35 W. Va. 255, 13 S. E. 383. And the Supreme Court of Appeals of Virginia, construing the same statute, has held it does not apply to personal property stored with such trader with no power of sale, nor to furniture and fixtures rented with the building. Edmunds v. Hobbie Piano Co., 97 Va. 588, 34 S. E. 472. In Partlow v. Lick-

liter, 100 Va. 631, 42 S. E. 671, it is held, that "property used in such business" is liable for the payment of the trader's debts, notwithstanding a bill of sale thereof may be recorded.

No construction of it that I can find directly clothes it with the power to prevent a trader from incumbering his stock to secure a debt, which power to secure is provided for by other statutes which have been universally recognized by the courts. While it is well settled that a conveyance of property by formal deed in trust carries with it title, and leaves only the equity of redemption in the grantor, yet a clear distinction must be drawn between such a conveyance of title for the sole purpose of securing debts and those made by absolute deed or bill of sale carrying the absolute property right. To the latter this chapter 100, § 13, may apply in many cases, although exceptions may be conceived; but, in my judgment, it cannot be made applicable to the former.

The ruling of the referee in this matter must be affirmed.