85   531<br>100   635

## Richmond.

SPOTTS AND AL. V. THE COMMONWEALTH AND ALS.

December 6th, 1888.

1. FIFAS—*Omnia presumuntur recte acta fuisse—Burden of proof.*—Where *fifa* issued more than a year after judgment, it is not presumed that it was the *first fifa* issued on the judgment, but the contrary. Burden of proving it was *the first*, is on the debtor.
2. PLEADINGS—*Points.*—Points not raised in the pleadings cannot be considered by the court.
3. JUDGMENTS—*Collateral attacks—Failure of consideration.*—Judgments of courts of competent jurisdiction cannot be attacked collaterally. In court wherein judgment was rendered, question of paramountcy of defendant's homestead having been raised and decided adversely, same cannot be raised a second time in another suit brought to ascertain priorities of liens on defendant's realty. And defence of failure of consideration must be set up either in suit wherein judgment is rendered, or by a chancery suit brought by defendant for that purpose.
4. JUDICIAL SALES—*Caveat emptor—Case at bar.*—Sale made of judgment debtor's interest in land under writ of *venditioni exponas* in behalf of the Commonwealth, which interest was absorbed by liens paramount to said writ;

HELD:

Purchaser must pay the price though he may get no land.

Appeal from a final decree of the circuit court of Frederick county, rendered the 25th day of August, 1887, in the suit of William L. Clark, trustee, against M. H. Spotts and others, instituted for the purpose of ascertaining the liens and priorities on a house and lot of said M. H. Spotts, in the city of Winchester, Virginia, on which there was a deed of trust to said Clark, as trustee, for the benefit of the executors of L. E. Swartzwelder, deceased, to secure the payment of a bond for purchase-money,

which had been assigned to H. Baetjer, and to have decree for sale. From said decree, which was adverse to said Spotts and others, they appealed. Opinion states the case.

*A. R. Pendleton*, for appellants.

*L. T. W. Marye*, for appellees.

Fauntleroy, J., delivered the opinion of the court.

From the record in this cause it appears that John W. Beemer, sheriff of Clarke county, Virginia, being in default to the Commonwealth of Virginia for taxes, etc., the Commonwealth obtained a judgment in the circuit court of the city of Richmond against the said Beemer and his sureties, on his official bond as sheriff aforesaid, on the 11th of March, 1872, for $2,449.53, with interest at twelve per centum from 21st of April, 1870, till paid, and $367.42 damages.

The justice and the regularity of this judgment are not questioned. To satisfy this judgment a tract of land in Clarke county, Virginia, containing two hundred and eight acres, or rather all the interest of said John W. Beemer therein, was sold at a judicial sale made by the sheriff of Richmond city under a *venditioni exponas* on the 13th day of December, 1872. The legality and the regularity of this *venditioni exponas* are not questioned. At the said sale Mrs. Emily J. Beemer, wife of the said John W. Beemer, became the purchaser of her said husband's interest in the said tract, for which she did execute her bond, with Henry Besore and M. H. Spotts as her sureties, for $3,625, payable to the Commonwealth of Virginia at six months on the purchase-money, which bond recites that she had bought the interest of the said John W. Beemer in the said tract of land. The bond was not paid at its maturity, 13th of June, 1873, and it was then returned to the clerk's office of the circuit court of Richmond city, whence the *venditioni exponas*

had issued, and, thenceforth, it had the force of a judgment, under the Code of 1873, chapter 40, section 16, thus becoming a judgment lien on the realty of Mrs. Emily J. Beemer and of her sureties, Henry Besore and M. H. Spotts, from 13th of June, 1872.

On this judgment an execution of *fifa* issued November 20th, 1884, followed by a writ of *venditioni exponas,* from the said clerk's office, on March 2d, 1885. Mrs. Beemer had nothing, and neither she nor Henry Besore appears to have made any resistance to the proceedings; but her other surety in her said purchase-money bond, M. H. Spotts, did make active resistance, his property being in danger. Ten days after the issue of the *venditioni exponas,* to-wit: on the 12th day of March, 1885, said M. H. Spotts, the appellant here, moved the circuit court of Richmond city to quash the said *fifa* and the said *venditioni exponas,* which said motion the court, after hearing evidence and the argument of counsel, overruled. The said Spotts expressing a wish to appeal, the court suspended this judgment overruling his said motion to quash for sixty days, on condition that said Spotts should give an appeal bond in fifteen days; and it ordered the sheriff to suspend proceedings on the *venditioni exponas.* No appeal was ever taken by Spotts, and nothing more was done under the *venditioni exponas,* or in any way by any party until this suit of Clark, trustee, against Spotts had made some progress.

After the aforesaid bond of Mrs. Emily J. Beemer and her sureties therein for purchase-money had acquired the force of a judgment, on the 13th of June, 1873, the said John W. Beemer, on the 10th day of June, 1874, filed his petition in bankruptcy, and surrendered in his schedule, as *his* assets, the said tract of two hundred and eight acres of land, in which Mrs. Beemer had bought his interest on the 13th of December, 1872, at the sheriff's sale as aforesaid. The assignee in bankruptcy sold this tract for $6,632.26, and disbursed the proceeds to the payment of expenses and liens on the land in order of priorities. His

report shows *eight* classes of liens aggregating $20,420.50, and that the proceeds did not pay the third lien. So that, when Mrs. Beemer bought the interest of John W. Beemer in the said tract of two hundred and eight acres of land, he, in fact, had no interest in it, there being on it liens prior to her purchase, double the fee simple value of the tract, two of which were held by the Commonwealth to an amount of $12,894.52 of principal. Mrs. Beemer made no objection or resistance to the surrender of this land as part of his assets in bankruptcy by John W. Beemer; and it is plain that such resistance would have been unavailing against liens prior to her purchase. Appellant, M. H. Spotts, put to record in the corporation court of Winchester his claim of homestead on the house for $1,040 July 24th, 1874. He had bought the house and lot from the executors of the will of Leonard E. Swartzwelder, deceased, by deed of May 29th, 1866, and Spotts on the same day conveyed it to W. L. Clark, trustee, to secure the bonds for the deferred payments of purchase money, one of which bonds was assigned to Henry Baetjer, who required Clark, trustee, to sell under the trust and make his money. Clark, the trustee, advertised a sale for November 8th, 1885, but hearing of an unreleased deed of trust from L. E. Swartzwelder to H. M. Brent for $1,400 to the Bank of the Valley in Virginia, and of a judgment of Wood & Smith (use of J. W. Bromley) against M. H. Spotts, and of other judgments, Clark, trustee, filed his bill and instituted this cause November 23d, 1885, in the circuit court of Frederick county to convene the creditors of Spotts and audit liens on the house and lot. The said circuit court ordered a reference to a master commissioner to take and report an account of liens and priorities, who duly returned reports.

On 26th November, 1886, the Commonwealth of Virginia filed her petition in the said cause of Clark, trustee, against Spotts, etc., setting up its said judgment lien of June 13th, 1873, on the said bond against M. H. Spotts, security; and asserting a lien *second* only to that of Baetjer and *prior* to that of Bromley,

and paramount to the claim of Spotts to *homestead*. To this peti-
tion both Spotts and Bromley demurred and answered, claiming
homestead, etc.  The circuit court finally decreed, on the 25th
of August, 1887, giving priority to the lien of Baetjer for pur-
chase-money, and priority to the lien of the Commonwealth over
the judgment lien of Bromley and paramount to the homestead
claim of Spotts.

The grounds on which the appellant, Spotts, relies are, that
his claim of homestead is paramount to the lien of the Common-
wealth, and should have been allowed ; that there was a total
failure of consideration of the bond on which he was surety,
and for which the Commonwealth is seeking to enforce its judg-
ment against him ; that no execution was issued on the said
judgment against Mrs. Beemer and her sureties from the 13th
day of June, 1873, when it was obtained, to the 20th of Novem-
ber, 1884, the date of the *fi. fa.* mentioned in the record ; and
that, hence, under the 12th section, chapter 182 of the Code of
1873, page 1167, no execution in the cause could be issued, or
could be valid, after a year and a day from the rendition of the
judgment—that is, after June 14th, 1874.  Bromley also relies
on the same grounds ; his judgment was a lien from
        , and there was a waiver of homestead in the obligation
of Spotts on which his judgment was rendered.

The mere fact that the execution levied on this property of
Spotts was issued on the 20th of November, 1884, is not even
presumptive evidence that no execution had issued before that
date upon the judgment; the legal presumption is to the con-
trary, that other and former executions had issued, and that the
*fi. fa.* of November 20th, 1884, was valid and properly issued ;
and this presumption is strengthened by the fact that the court,
from whose clerk's office the *fi. fa.* of November 20th, 1884,
issued, awarded the writ of *venditioni exponas* on its return.
The burthen was upon the appellants, Spotts and Bromley, to
show from the records of the circuit court of Richmond city

that this was the first *fi. fa.* issued to satisfy the judgment. They have done nothing to show this whatever, nor is the question raised in their pleadings; so that this is not an open question nor a matter which this appellate court can consider upon this record.

Nor is the question of Spotts' right to priority over the judgment lien for his claim of *homestead* one which this court can, *now*, consider. It is conceded in appellant's petition for appeal that the motion made by Spotts in the circuit court of Richmond city on the 12th of March, 1885, to quash the *fi. fa.* and the *venditioni exponas*, which was overruled by the court, was made on the ground of Spotts' homestead exemption being paramount to the lien of the Commonwealth's judgment. The judgment of the court, therefore, overruling the motion was final on this point. Spotts asked and obtained opportunity to appeal, upon easy terms, but he did not appeal; and he is now concluded; and cannot thus indirectly call on this court to review a decision from which it could not entertain an appeal after the lapse of so many years.

The judgment of the Commonwealth against Mrs. Beemer and Spotts, her surety, on her purchase-money bond, was regular and valid as to all the forms and requirements of law. It has stood, and still stands, unreversed and unimpeached. There was but one defence to be made to it, and that was, failure of consideration of fraud; and such defence could only be made in a suit in the court rendering the judgment. It is impossible that this valid judgment can be impeached *collaterally* in this creditors' suit of Clark, trustee, against Spotts, etc.

There was a return of the bond to the circuit court of the city of Richmond, and an interval of six months between its date and its becoming a judgment, in which Mrs. Beemer and Spotts had the opportunity of setting up the defence of *failure of consideration*, either by motion or by a chancery suit and injunction; but the judgment lien of the Commonwealth cannot

be impeached collaterally in this suit of Clark, trustee, against Spotts, nor in this court. The same reasoning will apply to the appeal of Bromley.

The court below could have rendered, properly, no other decree than the one complained of; and, hard as the case is, it is greatly owing to the neglect of their day and opportunity in court by the appellants themselves, and this court has no power to relieve against the situation upon this record. The decree complained of is right, and the same is affirmed.

DECREE AFFIRMED.