**Richmond.**

HOGE & HUTCHINSON V. TURNER.

JANUARY 12, 1899.

1. EVIDENCE—*Competency of Husband and Wife—At Common Law—In Virginia—Conveyances from Husband to Wife.*—At common law, husband and wife were incompetent to testify for or against each other in any matter in which either had an interest directly involved in the suit, whether parties thereto or not; and although disqualifications on account of interest have been removed in this State, the common law disqualification of husband and wife to testify for or against each other has been retained in proceedings by creditors to avoid or impeach conveyances, gifts, or sales from one to the other on the ground of fraud or want of consideration.

2. HUSBAND AND WIFE—*Fraudulent Conveyances—Remedy of Creditor—Competency of Husband and Wife to Testify.*—Creditors seeking to avoid a conveyance of personal property from a husband to his wife, on the ground of fraud, may either sue in equity to avoid the conveyance and subject the property, or they may ignore the conveyance, and, after obtaining judgment, levy an execution on the property and sell it. In the latter case, if the wife claim the property levied on for her husband's debts and an indemnifying bond is given for her protection, she may assert her claim by a suit on the indemnifying bond, but in neither case is either husband or wife a competent witness. A wife may testify where the cause is her own, and her husband has no interest in the result of the suit, though a nominal party to it, but not where the gist of the transaction is the fraudulent transfer of property from one to the other.

3. EVIDENCE—*Witness—Competency.*—If a witness is competent to give evidence at all in a cause, he may be examined upon any matter in the record, and is not competent for one purpose only.

4. SECTION 2877 OF CODE—*Doing Business as "Agent," "Factor," etc.—Knowledge of Creditor as to Who Principal Is.*—The provisions of section 2877 of the Code relating to doing business as a trader, with the addition of the words "factor," "agent," etc., without disclosing the name of the

principal, apply without regard to knowledge by the creditor of the principal, if principal there be. Knowledge or want of knowledge does not affect the application of the statute. It is an immaterial matter.

5. Principal and Agent—*Proof of Agency—Acts and Declarations of Agent—Presence of Principal.*—Declarations or acts of an alleged agent cannot be accepted to prove his agency. That fact must be proved by other evidence, and must be first established before his declarations or acts are admissible as evidence. But declarations and acts tending to establish the agency, said or done by the alleged agent in the presence of the principal, and not repudiated by him, are admissible in evidence as tending to prove the agency.

6. Instructions—*When Not Too Late.*—An instruction does not come too late because offered during the closing argument before the jury.

7. Husband and Wife—*Presumption as to Ownership of Property in Possession of Wife.*—In a contest between a wife and the creditors of her husband the law presumes that the husband is the owner of all property acquired, or of which the wife may be in possession, during the coverture.

Error to a judgment of the Circuit Court of Augusta county rendered May 17, 1898, in an action of debt wherein the defendant in error was the plaintiff, and the plaintiffs in error were the defendants.

*Reversed.*

This was an action of debt on an indemnifying bond. The plaintiffs in error sued out an execution against the goods and chattels of George Bowers, and caused the same to be levied on a stock of goods in the city of Staunton. Jennie Bowers, the wife of George Bowers, claimed the goods and demanded an indemnifying bond, which was given, and the goods were sold to satisfy the execution. Thereupon Jennie Bowers brought this action. There was evidence tending strongly to show that the property levied on was the property of Jennie Bowers, and that she conducted the business in person, and in her proper name. On the other hand, there was evidence tending to show that the property levied on was the property of George Bowers; that the business was conducted in his

name as agent, without disclosing his principal; that it was so advertised in the newspapers, and that the revenue license was transferred to George Bowers, agent for Jennie Bowers. The other facts sufficiently appear in the opinion of the court.

After all the evidence had been introduced, the plaintiff and the defendants, respectively, offered several instructions. These instructions are not numbered, but are referred to in the opinion of the court by the numbers of the bills of exception. Numbers 2, 3, and 4 offered by the plaintiff were given, and numbers 5, 7, and 8 offered by the defendants were refused, and a substitute given for number 5. These instructions, including the substitute, were as follows:

Plaintiff's instruction given, mentioned in defendants' bill of exception No. 2:

" The court instructs the jury that neither the declarations nor the acts of George Bowers can be considered in this case to prove that he was the agent of his wife, Mrs. Jennie Bowers, to conduct her business in his name as agent, at the Jesser Building in Staunton"—the "Jesser Building" being the same building as that referred to elsewhere in this cause as No. 17 west Frederick street."

Plaintiff's instruction given, mentioned in defendants' bill of exception No. 3.

" The court instructs the jury that if they believe from the evidence in this case that Mrs. Jennie Bowers was the owner of the stock of goods and the business conducted at No. 17 west Frederick street, and that she conducted said business in person on the premises, then no agent employed by her was required to disclose his principal, by a sign in letters easily to be read placed conspicuously at his said house where said business was conducted, or by notice published for two weeks in a newspaper, or otherwise to comply with or conform to the provisions of sec. 2877 of the Code of Virginia, and the jury must find a verdict for the plaintiff."

Plaintiff's instruction given, mentioned in defendants' bill of exception No. 4:

" The court instructs the jury that neither the declarations nor the acts of George Bowers can be considered in this case to prove that he was the agent of his wife, Mrs. Jennie Bowers, to conduct her business in his name as agent, at the Jesser Building at Staunton—the Jesser Building being the same building as that referred to elsewhere in this cause as No. 17 west Frederick street."

Defendants' instruction refused, mentioned in defendants' bill of exception No. 5:

" The court instructs the jury that if they believe from the evidence that at the time of the acquisition by the plaintiff, Jennie Bowers, of the property levied on and sold under the execution of Hoge & Hutchinson, her husband, George Bowers, was insolvent, then the presumption of law is that he furnished her with the means to purchase or acquire such property, and that such property is therefore subject to be levied on for his debts contracted prior thereto; and that the burden of showing that he did not in fact furnish her with the means to acquire said property is upon the plaintiff to prove affirmatively by a preponderance of evidence, to the satisfaction of the jury, that he did not do so. And in considering the evidence adduced by her on that point, the jury must disregard evidence tendered by her on the witness stand, just as if she had not testified at all, her evidence on that point being entirely inadmissible and illegal."

In lieu of the foregoing instruction, the court, of its own motion, gave the following instruction:

" The court instructs the jury that it devolves upon the plaintiff to show, by satisfactory evidence, that the money with which she bought the stock of goods from William E. Craig, trustee, was her own money and belonged to her separate estate."

Defendants' instruction refused, mentioned in the defendants' bill of exception No. 7:

" The court instructs the jury that if they believe from the evidence that at the time the execution of Hoge & Hutchinson,

involved in this cause, was levied upon the property at No. 17 west Frederick street, on the 29th day of January, 1897, the execution debtor, George Bowers, was then conducting a store at the said storeroom as agent for his wife, the plaintiff, the said Jennie Bowers, under the style of 'George Bowers, Agent,' and that he had failed to disclose the name of his principal by a sign in letters easily to be read, placed conspicuously at the house where such business was conducted, and also by a notice published two weeks in a newspaper printed in the city of Staunton, and that the said property so levied upon was acquired by the said George Bowers, agent, in such business, then they must find for the defendants, notwithstanding they may further believe that said property really belonged to said plaintiff, Jennie Bowers, and had been bought and paid for by her, and though she was bound for all the purchases made and debts contracted by the said Bowers, as agent, and that the same was well known to the defendants."

Defendants' instruction refused, mentioned in defendants' bill of exception No 8:

" The court instructs the jury that though they may believe from the evidence that the plaintiff, Mrs. Jennie Bowers, did not instruct or authorize her husband, George Bowers, to have her licenses transferred to George Bowers, agent, or to have her business advertised as that of George Bowers, agent; yet if they further believe from the evidence that after her said husband had had her licenses so transferred and had so advertised the business, the plaintiff, Mrs. Jennie Bowers, knew of her husband's action in those respects, and did not correct or repudiate them, then by her silence and acquiescence, after having knowledge of her husband's said acts, she ratified them and made them just as binding on her as if she had authorized them in advance."

*A. C. Braxton*, for the plaintiffs in error.

*Hulst Glenn, Peyton & Taylor,* and *Charles Curry,* for the defendant in error.

RIELY, J., delivered the opinion of the court.

By the common law, husband and wife are incompetent to testify for or against each other. Neither of them is competent as a witness in a cause, civil or criminal, to which the other is a party. The rule applies to all cases in which the interests of the other party are involved. 1 Greenleaf on Evidence, secs. 334, 335; and *William and Mary College* v. *Powell,* 12 Gratt. 372, 382.

This prohibition against the competency of husband and wife to testify for or against each other is not confined to the case where the husband or wife is a party to the record. It applies equally where he or she is not a party, but yet has an interest directly involved in the suit, and would, therefore, according to the common law, be incompetent to testify. In that case, the other would also be incompetent. 1 Greenleaf on Evidence, sec. 341; 29 Amer. and Eng. Ency. of Law, 624; *Murphy* v. *Carter,* 23 Gratt. 487; and *Farley* v. *Tillar,* 81 Va. 279.

Where a husband has transferred property to his wife in fraud of the rights of a creditor, the latter, if the subject of the transfer be personal property, and was made by deed or other conveyance, has two remedies. He may institute a suit in equity to impeach the conveyance on the ground of fraud, have it set aside, and the property subjected to the payment of his debt, or he may proceed at law, obtain a judgment for his debt, and, in disregard of the conveyance, levy his execution upon and sell the property fraudulently transferred. *Harvey* v. *Fox,* 5 Leigh 444; *Green, Trustee,* v. *Spaulding,* 76 Va. 411; and 4 Minor's Insts. (1st Ed.) 818.

It has been held time and again by this court that, in a suit in equity by a creditor to impeach a conveyance from a hus-

band to his wife for fraud, neither the husband nor the wife is competent to testify, upon the ground that both are directly interested in the result of the suit. *William and Mary College* v. *Powell, supra*; *Burton* v. *Mills*, 78 Va. 470; *Perry and Wife* v. *Ruby*, 81 Va. 317; *Witz, Beidler & Co.* v. *Osborne*, 83 Va. 227; *Crabtree* v. *Dunn*, 86 Va. 953; and *De Farges* v. *Ryland & Brookes*, 87 Va. 404.

Upon the same principle, both husband and wife are equally incompetent in a suit by the wife on an indemnifying bond, where the creditor has elected to proceed at law. It is true that to the suit in equity both husband and wife would be parties, while in the action upon the indemnifying bond the wife is alone a party to the record, but the matter in controversy, *the alleged fraudulent transfer,* is as much an issue in the one case as in the other. Neither the husband nor the wife, as we have seen, could testify in a suit in equity to impeach for fraud a conveyance from a husband to his wife, because both are interested in the result of the suit; and, for the same reason, neither of them is competent to testify where the question of fraud is being tried in a proceeding at law. The husband, though not a party to the record, is directly interested in the result of the action, and this, as we have seen, is sufficient to disqualify the wife as a witness.

At common law, a party to the record could not be a witness for himself or a co-suitor in the cause. Disqualification by reason of interest, with certain exceptions, has been long since removed in this State by statute (Code 1887, secs. 3345-5349), and Mrs. Bowers, in the case at bar, would not be incompetent to testify by reason of her own interest. A wife is competent to testify where the cause is her own, and her husband has no interest in the result of the suit, although he is a party to the record, if only a nominal party. *Frank & Adler* v. *Lilienfeld*, 33 Gratt. 377; *Hays and Wife* v. *Va. M. P. Ass'n*, 76 Va. 225; *Farley* v. *Tillar*, 81 Va. 275; *Nicholas* v. *Austin*, 82 Va. 817; *Jones* v. *Degge*, 84 Va. 685; and *Thomas* v. *Sellman*, 87 Va. 683.

It was not the interest of Mrs. Bowers that rendered her incompetent to testify in the present case, but the interest of her husband. He had an interest directly involved in the suit, which, at common law, would have rendered him incompetent to testify; and his wife, because of the interest that at common law would have excluded him, was also incompetent. The recent acts passed by the General Assembly removing the incompetency of husband and wife to testify for or against each other, expressly retains the prohibition against competency "in any proceeding by a creditor to avoid or impeach any conveyance, gift, or sale from the one to the other on the ground of fraud or want of consideration," and expressly preserve the rules of evidence at common law in cases of that nature. Acts, 1893-'4, p. 722; and Acts, 1897-'8, p. 753. The Circuit Court restricted the testimony of Mrs. Bowers to the issues in the cause other than that of fraud. It is difficult to see how she could testify at all in the case without her evidence affecting that issue, and the testimony given by her goes far to confirm this; but, however that may be, it was decided by this court, in *Steptoe* v. *Read,* 19 Gratt. 1, that if a witness is competent to give evidence at all in a cause, he may be examined upon any matter in the record, and is not competent for one purpose only. The principle laid down in that case has been frequently acted upon by the courts of the Commonwealth, and has been followed by this court without question. *Carter* v. *Hale,* 32 Gratt. 119; and *Brock* v. *Brock,* 92 Va. 173.

We are therefore of opinion that the court erred in admitting Mrs. Bowers to testify at all in the case. This disposes of the assignment of error based upon the sixth as well as the first bill of exception.

The main question in the case is the proper construction of sec. 2877 of the Code. This section provides in substance, among other things, that if any person transact business as a trader, with the addition of the word "agent," and fail to disclose the name of his principal by a sign in letters easy to be

read, placed conspicuously at the house wherein the business is transacted, and also by a notice published for two weeks in a newspaper (if any) printed in the city, town, or county wherein the same is transacted; or if any person transact such business in his own name, without any such addition, all the property, stock, and choses in action acquired or used in such business shall, as to the creditors of any such person, be liable for his debts.

The purpose of the Legislature in enacting the statute, as the title of the original act passed March 28, 1839, shows, was to prevent persons carrying on business under false or fictitious names and firms. The object was to prevent fraud; to compel any person transacting business as a trader to disclose the name of the real owner of the business, if any other there be; to prevent any shifting or evasion of ownership and liability for debts in case of controversy; and to preclude the assertion of secret claims of ownership against creditors of him who has conducted the business, possessed the property, and appeared to be its owner.

The language of the statute is plain, explicit, and imperative. It leaves no room for exception or qualification. If any person, as is alleged in this case, transact business as a trader in his own name with the addition of the word " agent," or in his own name, without such addition, and fail to comply with the provisions of the statute, it makes all the property, stock, and choses in action acquired or used in such business absolutely liable for his debts, whether contracted in the particular business or not, and without regard to knowledge by the creditor of the principal, if principal there be. Knowledge, or want of knowledge, plays no part in the application of the statute. That is an immaterial matter. The only question is whether the person was doing business as a trader within the meaning of the statute, and has complied or failed to comply with its positive requirements.

The State of Mississippi has a statute very similar to ours. It is in fact almost in the exact words of our own. Code of

Miss. 1880, sec. 1300.　　Her statute has repeatedly come before her Court of Appeals for construction; and that court has uniformly held that the provisions of the statute must be complied with, and that knowledge as to the principal or true owner by creditors of the person transacting the business, in case of non-compliance with the requirements of the statute, did not affect the question of the liability of the property used in the business for his debts.　　*Gumbell* v. *Coon*, 59 Miss. 264; *Quinn* v. *Myles,* Id. 375; *Wolf & Marks* v. *Kahn,* 62 Miss. 814; *Paine* v. *Hall Safe and Lock Co.,* 64 Miss. 175; and *Hamblet* v. *Steen,* 65 Miss. 474.

The only case which has been brought to our attention, or which we have been able to find, in which this court has placed a different construction upon the statute from the one we have given it, is that of *Trevilian* v. *Powell.*　In the several other cases, in which the statute has been under consideration by this court, no such construction is advanced as was given in that case.　*Farmers Bank* v. *Kent,* 16 Gratt. 257; *Penn* v. *Whitehead,* 17 Gratt. 503; *National Bank* v. *Cringan,* 91 Va. 347; and *Benjamin & Co.* v. *Madden,* 94 Va. 66.

The case of *Trevilian* v. *Powell* was never officially reported, but is to be found in the Quarterly Law Journal for 1856, p. 257.　The Circuit Court in that case gave to the statute the same construction that we have, but on appeal to this court its judgment was reversed.　The case was decided by a court of three judges, two of whom concurred in the reversal, and one dissented.　No opinion was filed, and we are unable to ascertain the reasons of the majority of the court for their conclusion; the order that was entered containing the mere statement that the person " did not transact business as a trader, ' with the addition of the word agent' according to the true intent and meaning of the statute."　Under these circumstances we do not consider ourselves bound by that case, especially as we are all of opinion that the statute should receive a different construction, and a construction, so far as our

experience goes, that has uniformly been given to it by the lower courts of the Commonwealth. The Circuit Court, therefore, erred in giving for the plaintiff the instruction set forth in bill of exception numbered two, and in refusing to give the instruction for the defendant set forth in bill of exception numbered seven.

The court did not err in giving to the jury the instruction set forth in bill of exception No. 3. If Mrs. Bowers conducted the business in person, then the case did not come within the statute, and there was no duty imposed on her to do anything required by its provisions. Whether she in fact did conduct the business in person was a matter dependent upon the evidence, and the record showing that there was evidence tending to prove this, it was proper for the court to give the instruction set forth in bill of exception numbered three.

The instruction set out in bill of exception No. 4, and that set out in bill of exception No. 8, will be considered together. It is settled law that the declarations or acts of an agent cannot be received to prove his agency. That fact must be proved by other evidence and must be first established before his declarations or acts are admissible as evidence. *Fisher* v. *White*, 94 Va. 236; Mechem on Agency, secs. 100, 716; and *Sanford* v. *Pollock*, 105 New York 450.

It is contended by counsel for plaintiffs in error that the declarations and acts of George Bowers, the husband of Jennie Bowers, to the effect that he was her agent, were made in her presence or brought home to her knowledge without being repudiated, and that such being the case she was bound by his declarations and acts, and that the instruction set out in the fourth bill of exception should have been given with this qualification. The record does not show that the court was asked thus to qualify the instruction at the time it was given, but during the concluding argument of counsel for the plaintiff, in order to meet a contention made by him in his address to the jury, that, in determining whether Jennie Bowers was bound

by any acts of George Bowers as her agent, they could not consider anything said or done by him as tending to establish the fact of such agency, although Jennie Bowers may have heard such words or known such acts without repudiating them, the counsel for defendants tendered an instruction embodying a qualification of the general principle enunciated in the prior instruction, but the court refused to give it for the reason that it was tendered too late. The instruction thus asked for by counsel for the defendants, and set forth in bill of exception No. 8, correctly propounded the law and should have been given at the time it was offered, as the instruction contained in bill of exception No. 4, without explanation or qualification, was calculated, under the circumstances and in view of the evidence, to mislead the jury.

The instruction asked for by the defendants, which is set forth in the fifth bill of exception, correctly stated the law and should have been given by the court. It but enunciated the law as it has been held by this court. *Yates* v. *Law,* 86 Va. 117; *Grant* v. *Sutton,* 90 Va. 771; and *Kinnier* v. *Woodson,* 94 Va. 711. The instruction given in lieu of it did not fully propound the law applicable to the case. It wholly ignores the presumption of the law in a contest between a wife and the creditors of her husband, that the husband is the owner of all property acquired or of which the wife may be in possession during the coverture. The instruction asked for by the defendants embodied this presumption, and they were entitled to have it stated to the jury. The instruction given was not the equivalent of the one refused, and the court erred in rejecting the latter and giving its own.

The judgment of the Circuit Court, for the reasons herein given, must be reversed, the verdict set aside, and the case remanded for a new trial. to be had in accordance with the views expressed in this opinion.

*Reversed.*