97  588
d100 636

# �export: Richmond.

EDMUNDS & BLACKFORD, TRUSTEES, V. HOBBIE PIANO CO., AND
OTHERS.

## NOVEMBER 16, 1899.

1. FRAUD—*Doing Business in Own Name—Property Acquired or Used in Business—Sec. 2877 of Code—Case at Bar.*—If a person who has no license as an auctioneer or commission merchant transact business in his own name under a general merchant's license, all the property, stock, and choses in action acquired or used in such business are liable for his debts under the express terms of sec. 2877 of the Code. Personal property consigned to such person under unrecorded written contracts, or left with him for sale in the course of his business under verbal instructions from the owner, is property "used in such business" within the meaning of said section, and is liable for the debts of such person. But personal property stored with such person with no power of sale, and office furniture rented with the building, are not so liable.

Error to a judgment of the Circuit Court of Roanoke city, rendered December 20, 1898, in a proceeding to test the title to certain personal property, in which proceeding the plaintiffs in error were, in effect, the plaintiffs, and the defendants in error were the defendants.

*Reversed.*

The plaintiffs in error sued out a writ of *fieri facias* against the Hobbie Piano Company which was levied on certain personal property found in its possession. This property was claimed by various persons. No indemnifying bond having been given, the

sergeant of the city of Roanoke, who had levied the *fieri facias*, filed the following petition in the Circuit Court of the city of Roanoke:

" To the Honorable J. A. Dupuy, Judge of the Circuit Court of Roanoke City, Virginia:

" Your undersigned petitioner, T. R. Tillett, sergeant of the city of Roanoke, would respectfully show unto your Honor that on the 14th day of October, 1899, there issued from the clerk's office of the Circuit Court of Roanoke city, Virginia, an execution in favor of J. E. Edmunds and C. M. Blackford, trustees of the Traders' Bank of Lynchburg, Virginia, against the Hobbie Piano Company (a corporation), for the sum of $1,515.60, with interest and costs, a copy of which execution is herewith filed as a part hereof. Said execution came into the hands of your undersigned petitioner at nine o'clock A. M. on the 14th day of October, 1898, and, on the 19th day of October, 1898, your petitioner levied said execution on the following goods in the possession of the Hobbie Piano Company, in No. — Salem avenue, S. W., city of Roanoke, Virginia, to wit:

" Three office chairs; 2 roll-top desks; 2 flat-top desks; 6 ware-room stools; 4 heating stoves; 2 Smith & Barnes pianos, Nos. 26173 and 24134; 1 iron safe; 1 standing desk; 1 desk and cabinet; 1 typewriter desk; 1 stationary cabinet; 1 office clock; 4 organs; 1 Colby piano; 1 symphony organ, as will appear from the copy of the execution filed herewith.

" Your petitioner would further show that various parties claim to own the above-described property, and inasmuch as no indemnifying bond has been given, your petitioner prays that the said Edmunds and Blackford, trustees, also Hobbie Piano Company, Smith & Barnes Piano Co., Newman Bros. Co., Home Building and Conveyance Co., First National Bank of Roanoke, Virginia, be summoned to appear before your Honor to litigate

their respective claims to the property levied on by your petitioner."

Thereupon the court ordered that the plaintiffs in the writ of *fieri facias* and the claimants of the property " appear before the judge of the Circuit Court of Roanoke city to litigate their respective claims to the property set out in said.petition."

The parties appeared in answer to this summons, and, upon a hearing, a judgment was rendered adverse to the plaintiffs in error, to which judgment this writ of error was allowed.

*Hicks & Payne* and *J. E. Edmunds*, for the plaintiffs in error.

*Smith & King, H. T. Hall* and *Hart & Hart*, for the defendants in error.

BUCHANAN, J., delivered the opinion of the court.

The question involved in this case is whether the property levied on by the sergeant of the city of Roanoke to satisfy the plaintiff's *fieri facias* against the Hobbie Piano Company was liable therefor.

The Piano Company was a corporation engaged in buying and selling musical instruments under a general merchant's license. The property levied on was not owned by the Piano Company, but belonged to other parties. The plaintiffs claim the right to subject it to the payment of their execution under the provision of section 2877 of the Code, which is as follows:

" If any person transact business as a trader, with the addition of the words, ' factor,' ' agent,' ' and company,' or ' and co.,' and fail to disclose the name of his principal or partner, by a sign in letters easy to be read, placed conspicuously at the house wherein such business is transacted, and also by a notice published for two weeks in a newspaper (if any) printed in the city, town or county wherein the same is transacted; or if any person transact such business in his own name, without any such addition; all the property, stock and choses in action

acquired or used in such business shall, as to the creditors of any such person, be liable for the debts of such person. This section shall not apply to a person transacting such business under a license to him as an auctioneer or commission merchant."

The Piano Company was doing business in its own name without the addition of the words "factor," "agent," "and company," or " and co.," and therefore does not come under the first provision of the section. This is admitted by the plaintiffs, but their contention is that since it was doing business in its own name, without any such addition, and not under a license to it as an auctioneer or commission merchant, all the property, stock and choses in action acquired or used in its business, whether owned by it or not were liable for its debts. The claimants of the property levied on insist that section 2877 " does not apply to a business run by a person in his own name for his own account, to the extent of making the goods which may happen to be in the house belonging to another liable for the debts of the owner of the business."

The latter provision of the section has not, it seems, been construed by this court, and was not embraced in the original statute, Acts of 1839, ch. 72, p. 45. It was added by the revisors of the Code of 1849.

The object of the statute, as was said by this court in *Hoge* v. *Turner*, 96 Va. 624: " Was to prevent fraud; to compel any person transacting business as a trader to disclose the name of the real owner of the business, if any other there be, to prevent shifting or evasion of ownership and liability of debts in case of controversy and to preclude the assertion of secret claims of ownership against creditors of him who has conducted the business, possessed the property and appeared to be its owner."

There is as much, if not greater, reason for protecting creditors of a trader doing business in his own name from the secret claims of third parties as there is for protecting creditors of a person transacting business as a trader with the addition of the words

" factor," " agent," " and company," or " and co.," who has failed to disclose his principal or partner in the manner provided by the statute. In the latter case the creditors know that they are dealing with one who does not claim to be the sole owner of the business, whilst in the former they have the right to believe that the trader is doing business entirely on his account, and is the sole owner of the goods in his possession. To allow him, or third persons who have placed their goods in his possession to be used and sold as if they were his own, so far as the public can see or know, to deny that he was the owner of such goods as against his creditors, would encourage parties to do the very things which the statute was passed to prevent.

The Piano Company was clearly doing business as a trader within the meaning of the statute, and if the property levied on was acquired or used in such business it is liable for the plaintiff's debt.

The office furniture and the two organs claimed by the Home Building and Conveyance Company were not acquired and used in the business of the Piano Company. It appears that the property named was sold under a distress warrant for rent due the Home Building Company, and purchased by it; that the office furniture was afterwards rented with the storehouse occupied by the Hobbie Company, and that the organs were left in the storehouse until the Home Building Company could make arrangements about them.

The organ claimed by W. E. McGuire was originally owned by the Hobbie Company. It made a conditional sale of it to some third party, and took his notes therefor, with the right to take possession of the organ in the event it was not paid for according to contract. These notes, together with the rights of the Hobbie Company in and to the piano, were assigned to McGuire. The purchaser failed to pay his notes, and McGuire took possession of the organ, as he had a right to do under his contract, and placed it in the storehouse of the Hobbie Com-

pany, subject to his order. It was not acquired or used in the business of the Hobbie Company, and was therefore not liable for the plaintiffs' debts.

The Colby piano and Symphony organ claimed by the First National Bank of Roanoke were originally owned by the Hobbie Company, and by it sold upon the same or similar conditions as those upon which the McGuire organ was sold. The notes, with the rights of the Hobbie Company, were assigned to the First National Bank. The purchaser made default in payment, and the Hobbie Company, by direction of the bank, took possession of the piano and organ, and was holding them with authority to sell when they were levied on by the sergeant.

The two pianos and the organ claimed respectively by the Smith & Barnes Piano Company, and the Newman Brothers Company, were consigned to the Hobbie Company for sale under written contracts, which were not recorded. This property, and that claimed by the First National Bank, were used by the Hobbie Company in its business within the meaning of the statute, and are liable for the plaintiffs' debt. If it were held otherwise, any trader doing business under a general merchant's license, apparently on his own account, could fill his storeroom with consigned goods, create the impression that he was the owner, obtain credit upon the faith thereof, and when his creditors demanded payment, make known for the first time that the goods were not his; and thus he and those who had entrusted him with their goods could perpetrate a fraud upon his creditors. To prevent just such frauds, was one of the objects of the statute.

The judgment complained of is erroneous in so far as it holds that the property claimed by the Smith & Barnes Piano Company, the Newman Bros. Company, and the First National Bank is not liable to the plaintiffs' debt, and to that extent it must be reversed, and this court will enter such judgment as the Circuit Court ought to have entered.

*Reversed.*