## Richmond.

### PARTLOW v. LICKLITER.

#### November 20, 1902.

1. APPEAL AND ERROR—*Record of One Suit Used as Evidence in Another—
   Appeal in Latter—Attack on Former.*—Where the record of a chan-
   cery suit is introduced as evidence on the trial of a proceeding at
   law, and, in making up the record for a writ of error in the proceed-
   ing at law, the record of the chancery suit is copied as a part
   thereof, the orders and proceedings in the chancery suit cannot be
   reviewed and attacked in this court. There being but the one
   record, and that of the proceeding at law, such an attack would be
   collateral and inadmissible, even though there were a separate pe-
   tition upon which an appeal had been allowed.
2. TRADER—*Doing Business in His Own Name—Property Used in Busi-
   ness—Recorded Bill of Sale—Code, Sec. 2877, Not Affected by Sec.
   2465.*—The provisions of sec. 2877 of the Code rendering all the prop-
   erty, stock, and choses in action acquired or used in his business by
   a trader doing business in his own name liable for the payment of
   his debts, when he has not complied with the terms of that section,
   are not affected or qualified by sec. 2465 of Code, as amended by
   Acts 1899-1900, p. 89, providing for the recordation of bills of sale of
   goods and chattels, and certain other writings. The "property,
   stock and choses in action acquired or used in such business" of
   said trader are liable for the payment of his debts, notwithstanding
   a bill of sale thereof may be recorded as provided by sec. 2465 of
   the Code, as amended.

Error to a judgment of the Hustings Court of the city of
Staunton, rendered January 25, 1902, in a certain interpleader
proceeding wherein the defendant in error was the plaintiff, and
the plaintiff in error was the defendant.

*Affirmed.*

This is a proceeding by way of *interpleader* under the provisions of chapter 142 of the Code. The plaintiff's execution was levied on certain personal property as the property of the execution debtor, and the plaintiff in error (a third person) claimed it. The plaintiff in the execution declined to give an indemnifying bond, and the claimant of the property (the plaintiff in error) declined to give a suspending bond. Thereupon the Sergeant, who was the officer charged with the duty of levying and collecting the execution, filed his petition, under section 2999 of the Code to have the rights of the parties tried. The form of the proceeding was similar to that adopted in *Edmunds* v. *Hobbie Piano Co.*, 97 Va. 588. The jury having found one of the issues against the claimant of the property (the plaintiff in error) and the court, being of opinion that the property was liable to sale under the execution, entered an order "that the said F. L. Partlow (claimant of the property, and plaintiff in error here) be, and she is, forever barred of any claim in respect to said property so levied on as against the said Ella F. Lickliter (the execution creditor and defendant in error here), and the said E. D. Bell, Sergeant of the city of Staunton."

*Patrick & Gordon*, for the plaintiff in error.

*S. D. Timberlake, Jr.*, and *J. M. Perry*, for the defendant in error.

WHITTLE, J., delivered the opinion of the court.

The salient points of this case are as follows:

On December 17, 1901, a writ of *fieri facias* came into the hands of the Sergeant of the city of Staunton, issued upon a judgment confessed that day, in the Hustings Court of that city, by William F. Lickliter in favor of Ella F. Lickliter. The execution was levied on personal property in the possession,

and used in the business, of William F. Lickliter, but to which Fannie L. Partlow asserted title by virtue of a bill of sale executed by William F. Lickliter to her, and recorded prior to the confession of judgment.

Upon the petition of the officer, and in accordance with the provisions of section 2999 of the Code, the parties were convened at the January term, 1902, of the Hustings Court for the determination of their conflicting rights and claims in respect to the property in controversy.

The trial of the case was had before a jury upon the following issues directed by the court:

"Whether or not, at the time the execution of Ella F. Lickliter against William F. Lickliter was levied upon the goods mentioned in the officer's return thereon, the said William F. Lickliter was transacting business as a trader, with the addition of the words 'factor,' 'agent,' and 'company' or 'Co.,' and failed to disclose the name of his principal or partner, by a sign in letters easy to be read, placed conspicuously at the house where such business was transacted, and also by notice published for two weeks in a newspaper printed in the city of Staunton; or if said William F. Lickliter transacted such business in his own name, without any such addition, and acquired or used said goods in said business."

In the interval between the levy of the execution and trial of the issues above named, Fannie L. Partlow obtained an injunction from the judge of the Circuit Court of Augusta county, certified to the Hustings Court of the city of Staunton, to which court the bill was addressed, enjoining William F. Lickliter from collecting certain accounts and notes mentioned in the bill, from negotiating the same, and from interfering with the property and business in question. The Sergeant and Ella F. Lickliter were also enjoined from taking possession of the property or business.

The bill was not a bill of interpleader, but charged that the

officer was threatening to interfere with and take possession of the business and property. All the defendants answered the bill, and, upon notice, the Hustings Court dissolved the injunction.

On the trial of the issues before the jury, the record of the injunction proceedings was introduced in evidence, and was, in that aspect alone, incorporated by bill of exceptions into the record now before this court.

By their verdict the jury returned a negative response to the first enquiry submitted; but upon the second issue rendered the following verdict:

"We, the jury, find that William F. Lickliter did transact the business on Greenville avenue, in the city of Staunton, in his own name, as a trader, and was transacting such business in his own name at the time of the levy of the execution of Ella F. Lickliter, on the 17th day of December, 1901, and did acquire and use said property levied upon in said business."

There was a motion on behalf of Fannie L. Partlow to set aside the verdict as contrary to the law and evidence, which motion the court overruled, and rendered judgment upon the verdict in accordance with the provisions of section 2998 of the Code.

The case is here upon writ of error to that judgment.

It is also sought, upon this record, to review and reverse the order of the Hustings Court dissolving the injunction in the chancery cause. To that end there is a separate petition, upon which an appeal was granted by one of the judges of this court.

Of that branch of the case it is sufficient to observe that the record certified by the clerk of the lower court does not purport to be the record of the chancery cause, in which the appeal is pending, but the record of the law case, in which the chancery proceedings were interpolated as part of the evidence.

This attempt to review, or attack collaterally, the order of a court in a cause, the record of which is only before this court

as evidence in another case, is not permissible.    *Spotts* v. *Com.*,
85 Va. 531, 536; *Powers* v. *Carter Coal & Iron Co.*, *ante* p. 450.

The appeal in the chancery cause must, therefore, be dis-
missed, as having been improvidently allowed.

The issues referred to were regularly submitted to the jury
upon correct instructions, the verdict is sustained by the evi-
dence, and there was no error in the refusal of the lower court
to set aside the verdict.

The remaining question for decision is whether the second
paragraph of section 2877 of the Code applies to a case in which
the title of the owner of the property levied on is evidenced by
a recorded bill of sale.    The language of the provision is: "Or
if any person transact such business in his own name, without
any such addition; all the property, stock, and choses in action
acquired or used in such business shall, as to the creditors of
any such person, be liable for the debts of such person."

It is insisted that if the statute be held applicable to such
case, it is in conflict with section 2465, amended, Acts 1899-
1900, p. 89.

That section occurs in chapter 109 of the Code, the Registry
Statute, which provides for the recordation of muniments of
title in general, and of sundry other transactions, affecting the
title to property, valid between the parties, but declared to be
void as to purchasers for valuable consideration without notice
and creditors, until and except from the time that they are
duly admitted to record.

Section 2877 falls in a different category.    It is found in
an independent chapter, which deals with a restricted class—
partners, partnership associations, factors, agents, and traders—
and was passed in the interest of trade and commerce.    It ope-
rates chiefly upon shifting stocks of goods, wares, and merchan-
dise, bought for the express purpose of daily indiscriminate sale,
and constantly changing hands, property difficult of accurate
description, and impossible of continued identification, through

the medium of the registry laws. To undertake to apply those laws to that class of citizens, and to that species of property, if their enforcement were practicable, would operate as an embargo on trade.

Other mischiefs and inconveniences, intended to be prevented by the statute, are pointed out in the recent cases of *Hoge* v. *Turner*, 96 Va. 624, and *Edmunds* v. *Hobbie Piano Company*, 97 Va. 588, in which section 2877 is construed. On the other hand, the section affords the true owner simple and effectual means of protecting his property (provisions which would be quite unnecessary if he is already protected by recording his title).

In the case of *Hoge* v. *Turner, supra,* in discussing the subject of ownership, the court said: "The language of the statute is plain, explicit, and imperative. It leaves no room for exception or qualification. If any person, as is alleged in this case, transact business as a trader in his own name, with the addition of the word 'agent,' or in his own name, without such addition, and fail to comply with the provisions of the statute, it makes all the property, stock, and choses in action required or used in such business absolutely liable for his debts, whether contracted in the particular business or not, and without regard to knowledge by the creditor of the principal, if principal there be. Knowledge, or want of knowledge, plays no part in the application of the statute. That is an immaterial matter."

The conclusion from that statement of the law is irresistible, that knowledge, or notice of ownership, actual or constructive, will not exempt the property from liability for debts of the party in possession and conducting the business. To hold otherwise would be to engraft upon the statute an exception not warranted by the language, and tend to defeat its manifest object.

The case of *Edmunds* v. *Hobbie Piano Company, supra,* is relied on to sustain the contrary view, but the decision is not

susceptible of that construction. It is true, in describing the status of some of the property involved in that litigation, the fact is adverted to that it was consigned to the Hobbie Piano Company for sale under written contracts which were not recorded. But the liability of the property for the debts of the defendant company was not placed upon that ground, nor was the language there employed intended to overrule or modify the doctrine announced in the previous case in that particular.

It follows from the foregoing views that there is no error in the judgment complained of, and it must be affirmed.

*Affirmed.*