## In re LEE.

## OPPENHIMER v. FINANCE & GUARANTY CO.

(Circuit Court of Appeals, Fourth Circuit.
May 4, 1925.)

No. 2323.

Bankruptcy ⚖⇒165(2)—Action of automobile finance company in repossessing itself of automobiles sold under recorded conditional sales contracts held to effect voidable preference.

Under Virginia Traders' Act (Code Va. 1919, § 5224), making property of another forming part of stock of person who transacts business in own name liable for debts of such person, automobile finance company, by taking possession within four months prior to dealer's bankruptcy of automobiles sold to dealer under recorded contract reserving title in finance company, effected voidable preference.

Waddill, Circuit Judge, dissenting.

In Error to the District Court of the United States for the Eastern District of Virginia, at Richmond; D. Lawrence Groner, Judge.

Action by Henry W. Oppenhimer, trustee in bankruptcy of W. A. Lee, trading as the National Motor Company, against the Finance & Guaranty Company. Judgment of dismissal, and plaintiff brings error. Reversed.

Joseph M. Hurt, Jr., of Richmond, Va., for plaintiff in error.

S. M. Brandt, of Norfolk, Va., for defendant in error.

Before WOODS, WADDILL, and ROSE, Circuit Judges.

ROSE, Circuit Judge. The parties below occupied the same position they do in this court; that is to say, Henry W. Oppenhimer, as trustee in bankruptcy for one W. A. Lee, trading as the National Motor Compa-

ny, was there plaintiff and is plaintiff in error here, and the Finance & Guaranty Company, defendant in error here, was defendant there. For brevity, they will be referred to as the trustee and the vendor, respectively.

The bankrupt, one W. A. Lee, traded as the National Motor Company. No one else was interested in the business, which was that of buying and selling automobiles. The vendor financed the purchase of automobiles for Lee and was the vendor of the cars to him. The sale was made on the installment plan, and by the agreements between the parties, which were duly recorded, the legal and equitable title to the automobiles was to remain in the vendor until the final payment of the last installment of the purchase money and the performance by the bankrupt of the other terms of the agreement. These contracts contained other provisions, such as that the bankrupt could not mortgage, rent, pawn, dispose of, or sell the property, without the permission of the vendor, first obtained in writing. There is no question, however, that the bankrupt bought the automobiles to sell again and that the vendor was at all times aware of this intention. The agreements, all substantially identical in form, bore date at various times from the 28th of April, 1921, to the 6th of August, in the same year.

On the 26th of December, 1921, Lee left Richmond, for parts unknown, and, so far as the record discloses, has not been heard of since. On the 10th of January, the vendor instituted suit in detinue in the law and equity court of the city of Richmond, and in the initial affidavit its duly authorized agents swore that there was good reason to believe that Lee was insolvent. In execution of the writ issued in the case, the sheriff of Richmond on the same day seized the automobiles and delivered them to the vendor. Ten days later, on the 20th of January, an involuntary petition in bankruptcy was filed against Lee, and he was on the 25th of February adjudicated a bankrupt.

On the 15th of December, 1922, the trustee filed a petition in the instant proceeding against the vendor alleging that the taking and possession by it of the four automobiles in question amounted to a voidable preference and praying an order for the return of the automobiles or the payment of the money value thereof. After hearing testimony, the learned court below was of the opinion that the vendor had acted within its rights, and accordingly dismissed the petition.

The rights of the trustee, if he has any, de-

pend upon the so-called Traders' Act of Virginia, section 5224, Code of 1919, which has been considered by this court in Chesapeake Shoe Co. v. Seldner, 122 F. 593, 58 C. C. A. 261, and in Virginia Book Co. v. Sites, 254 F. 46, 165 C. C. A. 456, and in other cases. It has many times been construed by the highest court of Virginia, as for example in Hoge v. Turner, 96 Va. 624, 32 S. E. 291; Edmunds v. Hobbie Piano Co., 97 Va. 588, 34 S. E. 472; Partlow v. Lickliter, 100 Va. 631, 42 S. E. 671; Boice v. Finance & Guaranty Co., 127 Va. 563, 102 S. E. 591, 10 A. L. R. 654; Nusbaum v. City Bank & Trust Co., 132 Va. 54, 110 S. E. 363; Capitol Motor Corporation v. Lasker, 138 Va. 630, 123 S. E. 376. By these decisions, it is clearly settled: First, that the statute applies to a trader doing business in his own name under a general merchant's license whenever the goods of another are put in his possession with the intent on the part of the other that such goods shall form part of his ordinary stock of merchandise and be exposed for sale as such, without any notice being given on the premises that they are not the goods of the trader. Edmunds v. Hobbie Piano Co., 97 Va. 588, 34 S. E. 472. Second, under such circumstances the goods are liable for the trader's debts, although the creditor seeking to hold them has actual knowledge of the circumstances under which they came into the trader's possession. Hoge v. Turner, 96 Va. 624, 32 S. E. 291. Third, that it makes no difference that the agreement between the merchant and the person intrusting the goods to him was in writing and was recorded. Boice v. Finance & Guaranty Co., 127 Va. 563, 102 S. E. 591, 10 A. L. R. 654; Partlow v. Lickliter, 100 Va. 631, 42 S. E. 671. This third proposition seems to be the logical result of the second. Fourth, that the statute applies to automobiles and other bulky and valuable articles, susceptible of easy identification as well as to smaller articles exposed for sale by a dealer. Boice v. Finance & Guaranty Co., 127 Va. 563, 102 S. E. 591, 10 A. L. R. 654; Nusbaum v. City Bank & Trust Co., 132 Va. 54, 110 S. E. 363; Capitol Motor Corporation v. Lasker, 138 Va. 630, 123 S. E. 376. The first of the cases cited has reference to a dealer in automobiles, who, from the street numbers, appears to have occupied the store next that of the bankrupt in this case. Fifth, that goods in the possession of a merchant under the circumstances above stated are quoad his creditors his property. Nusbaum v. City Bank & Trust Co., 132 Va. 54, 110 S. E. 363. Sixth, that where the vendor or owner of the goods intrusted to the merchant repossesses himself of them within four months before filing of the petition in bankruptcy, having good reason at the time to believe that his debtor is insolvent and that by repossessing himself he will obtain a payment of a larger proportion of his debt, or what would have been his debt had he not so repossessed himself, than will be obtained by other creditors, he has secured a voidable preference and is answerable to the trustee therefor. Virginia Book Co. v. Sites, 254 F. 46, 165 C. C. A. 456. Seventh, that the title of a trustee under a conventional deed of trust or assignment for the benefit of creditors does not antedate his deed, and that the vendor has good title against such trustee and creditors represented by him of property of which he has repossessed himself before the delivery of the deed of assignment. Capitol Motor Corporation v. Lasker, 138 Va. 630, 123 S. E. 376.

These propositions are decisive of the case. The fact that in Capitol Motor Corporation v. Lasker, 138 Va. 630, 123 S. E. 376, it was properly held that a trustee under a conventional assignment or a deed of trust for the benefit of creditors has no rights as against property of which the vendor or lienor repossessed himself before the delivery of the deed of trust or assignment, is in no wise in conflict with the law as it has been above stated. A conventional trustee has no power to vacate preferences.

It follows that the trustee in bankruptcy in this case was entitled to the relief for which he asked.

Reversed.

WADDILL, Circuit Judge (dissenting). The appellee was the holder of a duly recorded conditional sales agreement covering the automobiles the subject of this appeal. Ten days prior to the filing of the petition in bankruptcy, it repossessed itself of the automobiles by a proceeding in a state court of competent jurisdiction, and was so in possession at the time of the bankruptcy.

Under these conditions, I can but believe that appellee acquired title superior to that of the trustee in bankruptcy, whose status as a lienor under section 47a, Bankruptcy Act 1910 (Comp. St. § 9631), became effective as of the date of filing the petition in bankruptcy. Martin v. Commercial Nat. Bank, 245 U. S. 513, 517, 38 S. Ct. 176, 62 L. Ed. 441; Fairbanks Shovel Co. v. Wills, 240 U. S. 642, 649, 36 S. Ct. 466, 60 L. Ed. 841; Bailey v. Baker Ice Machine Co., 239 U. S. 268, 276, 36 S. Ct. 50, 60 L. Ed. 275;

Woods v. Stemple, Rt. (C. C. A. 4th Cir.) 289 F. 239; Capitol Motor Corp. v. Lasker, 138 Va. 630, 123 S. E. 376; Nusbaum v. City Bank, 132 Va. 54, 57, 110 S. E. 363.

In Virginia, it is well settled that "creditors," within the purview of the act in question here, means "lien creditors," that is, persons who have liens upon the property; and whatever may be the status of the trustee in bankruptcy in the enforcement of the rights of those who have such liens—that is to say, whether the title of such trustee in bankruptcy as to such lien creditors may relate back to a date antedating the time of his appointment for the purpose of enforcing such liens—still, in so far as he represents the unsecured creditors, those having no fixed lien, his status as trustee cannot relate back prior to the time of the filing of the petition in bankruptcy in the proceeding in which he was appointed, so as to enable unsecured creditors to defeat the rights of vendors or lienors who have established their claims and liens.