## INDIANA MOTORS CORPORATION v. ATKINSON.

### No. 3462.

Circuit Court of Appeals, Fourth Circuit.

June 15, 1933.

Robert G. Butcher, of Richmond, Va. (Parrish & Butcher, of Richmond, Va., on the brief), for appellant.

John George Harris and Simeon M. Atkinson, both of Richmond, Va., for appellee.

Before PARKER, and NORTHCOTT, Circuit Judges, and ERNEST F. COCHRAN, District Judge.

NORTHCOTT, Circuit Judge.

This is an appeal from an order entered in December 1932, in the District Court of the United States for the Eastern District of Virginia, in the matter of Indiana Sales & Service Corporation, bankrupt. The said corporation was adjudicated a bankrupt, upon its voluntary petition, on February 26, 1932. Some years prior thereto the corporation had been engaged in carrying on in Richmond, Va., the business of local dealer or distributor for the products of the Indiana Truck Corporation, hereinafter referred to as the truck corporation, handling what are known as Indiana trucks and truck parts, manufactured by the truck corporation.

The bankrupt corporations' dealings with the truck corporation, as to trucks, were upon a consignment basis, handled under what were known as trust receipts and distributor sales agreements. The truck parts were handled under a consigned parts agreement.

Title to all of the property was specifically retained by the truck corporation. This arrangement continued until shortly prior to the date of bankruptcy. On the 11th day of January, 1932, the truck corporation transferred all of its physical property, including all trucks and truck parts in the hands of dealers, to the appellant, the Indiana Motors Corporation, hereinafter referred to as the motors corporation.

On January 28, 1932, the motors corporation addressed a letter to the bankrupt stating, among other things, that it had purchased all the physical property of the truck corporation, including such property as it, the bankrupt corporation, had in its hands, and with this letter inclosed new agreements covering the trucks the bankrupt corporation then had on hand, and requesting the bankrupt to execute and return the new agreements.

On January 29, 1932, the motors corporation addressed a similar letter to the bankrupt inclosing agreements with regard to the truck parts as well as a new distributor agreement similar to the one in effect with the truck corporation and requesting the execution of these agreements and their return. On February 12, 1932, the truck corporation addressed a letter to the bankrupt bringing to its attention the fact that the sale had been made to the motors corporation and canceling all agreements between the truck corporation and the bankrupt. Under the provisions of these agreements they could be terminated by either party without notice.

Having failed to receive a reply to its letters the motors corporation again wrote the bankrupt on February 18, 1932, and on February 22, 1932, inquiring as to the reason why there had been no reply to its letters and again requesting the bankrupt to execute and return the new agreements. Not having heard from the bankrupt, the motors corporation sent a representative to the bankrupt's place of business, in Richmond, Va., but this representative reached Richmond the same day that the Indiana Sales & Service Corporation was adjudicated a bankrupt. At the time of such adjudication trucks and truck parts, inventorying at $7,913.03, were in the possession of the bankrupt and taken charge of by appellee as trustee of the bankrupt's estate.

The motors corporation claimed the property, in the bankruptcy proceeding, which claim was resisted by the trustee on the ground that the bankrupt had not complied with the terms of what is commonly known

as the "Traders Act" (section 5224, Code of Virginia 1930), with respect to the posting of signs and the publication of notices, in its dealings with the property in question. Evidence was taken before the referee who found the facts as above stated and concluded as a matter of law that the motors corporation was entitled to the property. Upon exceptions to the findings of the referee the judge of the District Court filed an opinion reversing the referee and entered an order to the effect that the trustee (appellee) was entitled to the possession of the property. From this order this appeal was brought.

Section 5224 of the Code of Virginia, known as the "Traders Act," reads as follows: "§ 5224. If factor, agent, etc., who is a trader, fail to disclose name of principal or partner or do business in his own name, property used in such business liable for his debts; exception.—If any person transact business as a trader, with the addition of the words 'factor,' 'agent,' 'and company,' or 'and co.,' and fail to disclose the name of his principal or partner by a sign in letters easy to be read, placed conspicuously at the house wherein such business is transacted, and also by a notice published for two weeks in a newspaper (if any) printed in the city, town or county wherein the same is transacted; or if any person transact such business in his own name, without any such addition; all the property, stock, and choses in action acquired or used in such business shall, as to the creditors of any such person, be liable for the debts of such person. This section shall not apply to a person transacting such business under a license to him as an auctioneer or commission merchant."

That there was no compliance with the requirements of this act is admitted. It is also admitted that the property in question remained at all times prior to the adjudication of the bankrupt, in the possession and control of the sales and service corporation without any visible change in the character and extent of such possession and control, with apparent authority in the bankrupt to sell same. That the bankrupt did make sale of some of the property in the month of January, 1932, was known to the officers of the appellant company and such action allowed to go without protest. The letters written by the motors corporation were evidently not intended to terminate the existing arrangement as formerly carried on by the bankrupt with the truck corporation, but to secure written evidence of agreements that were continuing and to secure a check on the property in the possession of the bankrupt.

The Virginia Traders Act was discussed in an able opinion, written by Judge Parker of this court, in Southern Dairies, Inc., v. Cooper, 35 F.(2d) 439, 442, where the court said: "Here the bankrupt was doing business, not in behalf of an undisclosed principal, but in his own behalf. But, even though this were true, if the property in question had been placed with him for sale, it would be subject to the claims of creditors, under the doctrine of Edmunds v. Hobbie Piano Co. [97 Va. 588, 34 S. E. 472], supra."

Under the circumstances of this case it cannot be doubted that the property in question was, in effect, placed by the appellant with the bankrupt for sale. It remained in the bankrupt's possession until the lien of the trustee attached to it.

In Hoge v. Turner, 96 Va. 624, 32 S. E. 291, 294 (quoted in Southern Dairies Inc., v. Cooper, supra), the court said: "The purpose of the legislature in enacting the statute (as the title of the original act passed March 28, 1839, shows) was to prevent persons carrying on business under false or fictitious names and firms. The object was to prevent fraud; to compel any person transacting business as a trader to disclose the name of the real owner of the business, if any other there be; to prevent any shifting or evasion of ownership and liability for debts in case of controversy; and to preclude the assertion of secret claims of ownership against creditors of him who has conducted the business, possessed the property, and appeared to be its owner."

There is little or no dispute as to the facts, and the conclusions of the referee are entitled to no greater weight than those of the judge. The statute is a wholesome one and should be given full effect.

We agree with the conclusion reached by the judge below, in reversing the findings of the referee, and the order is accordingly affirmed.