## J. M. Robinson, Norton Company *v.* Godsey et al.

[71 South. 312.]

Principal and Agent. *Liability of principal. Claim of property.*

> Under Code 1906, section 4784, declaring that if a person shall transact business as a trader or otherwise, with the addition of the words "agent," "factor," and "company," or the like, and fail to disclose the name of his principal or partner by a sign in letters easy to be read, placed conspicuously at the house where such business is transacted, all property and choses in action used or acquired in such business shall, as to the creditor of any such person, be liable for his debts as if they were his property; where the active clerk in a store conducted by partners had the same surname as the partners and there was no sign on the store naming the members of the firm and such clerk frequently drew checks on the partnership account, but merely did what he was directed to do and the partners themselves actively participated in the running of the business, in such case creditors of the clerk could not hold the partnership property liable for their debts.

Appeal from the circuit court of Leflore county.

Hon. Monroe McClurg, Judge.

Suit by J. M. Robinson, Norton Company against J. H. Godsey in which execution was levied on the property of the Itta Bena Mercantile Company. S. A. & M. J. Godsey claimed the property and from a judgment for claimants, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Lomax & Tyson* and *Yerger & Hughston,* for appellant.

*Gardner, McBee & Gardner,* for appellee.

Sykes, J., delivered the opinion of the court.

An execution was issued by the circuit clerk of Leflore county based upon a judgment rendered by the circuit

court of said county in favor of J. M. Robinson, Norton
& Co., appellant here, against J. H. Godsey et al., for
the sum of two thousand, three hundred and thirty-four
dollars and ninety-one cents with interest from the date
of its rendition. Said execution was levied on a stock
of goods in the town of Itta Bena, Miss., as the prop-
erty of the said J. H. Godsey. Thereupon S. A. and
M. J. Godsey, the appellees here, made claimants' affi-
davit and bond for the release of said merchandise
seized under said execution. The evidence shows that
the goods levied upon were used and acquired in a mer-
cantile business operated in a store building at Itta
Bena, Miss., under the firm name of Godsey & Co., with-
out any sign being placed conspicuously at the house
where such business was transacted. The evidence fur-
ther shows that the claimants, appellees here, S. A. and
M. J. Godsey, were the owners of the business, and that
J. H. Godsey, the husband of M. J. Godsey, was em-
ployed by the owners of said building as clerk at a sal-
ary of seventy-five dollars a month; that as such clerk
he did nearly all of the buying of the goods, under the
direction of the partners, and wrote nearly all of the
checks for the firm, signing them "Godsey & Co., by J.
H. Godsey;" that he prepared practically all of the
notes and deeds of trust given by the said partnership
or received by it in the course of its business; but that
the said S. A. and M. J. Godsey would sign their indi-
vidual names to these instruments. The evidence also
shows that the goods levied upon were used and ac-
quired in the business of the said firm; also, that the
partnership did business at a bank, carrying an account
there under the firm name of Godsey & Co. In short,
the testimony shows that J. H. Godsey was the active
clerk in the store and did whatever he was told to do
by the owners, M. J. and S. A. Godsey. The uncontra-
dicted testimony further shows that S. A. and M. J.
Godsey both stayed in the store, giving their time and
attention to the conduct and management of the said

business. In fact, the testimony of S. A. Godsey is to the effect that he was the manager and the head of the concern.

It is the contention of appellant that, under section 4784 of the Code of 1906, this stock of goods was subject to be levied on in this case. Section 4784 reads as follows:

"If a person shall transact business as a trader or otherwise, with the addition of the words 'agent,' 'factor,' 'and company,' or '& Co.,' or like words, and fail to disclose the name of his principal or partner by a sign in letters easy to be read, placed conspicuously at the house where such business is transacted, or if any person shall transact business in his own name without any such addition, all the property, stock, money, and choses in action used or acquired in such business shall, as to the creditors of any such person, be liable for his debts, and be in all respects treated in favor of his creditors as his property."

In this case the business was being transacted in the name of Godsey & Co. without having a sign disclosing the names of the partners placed conspicuously at the house where such business was being transacted. This case would therefore come under this section of the Code, provided J. H. Godsey transacted the business of the firm as is contemplated by this section. However, in this case the uncontradicted testimony shows that J. H. Godsey was only an employee of the partners, doing whatever he was instructed to do by them. The entire management and control of the business was not intrusted to J. H. Godsey. On the contrary, the owners of the business stayed in the store and looked after the business of the firm practically the whole time. This section of the Code was enacted for the prevention of fraud; its object being to primarily protect those dealing with the ostensible owner of a mercantile business whether he does business in his own name or whether he does business by the use of the words "agent," "com-

pany," "manager," or words of like character, without also using a sign placed conspicuously at the store showing the names of the owners or partners. In this case, had not M. J. and S. A. Godsey also stayed at the store and participated in the transactions of its business, there would be some grounds for the contention of the appellants. Under the above section of the Code, the business of Godsey & Co. was not transacted by J. H. Godsey as the ostensible owner of the said business. Neither was there anything in the manner in which the business was transacted to mislead any one into the belief that J. H. Godsey was the ostensible owner of the business. The case of *Hamblet* v. *Steen,* 65 Miss. 474, 4 So. 431, is one where Mr. Hamblet conducted and managed the business of a livery stable. His wife, who was the real owner, had nothing to do with the active management of it. The only sign at the building was "Carr Stable." In that case the outside world was therefore justified in believing that Mr. Hamblet was the owner of the stable. Had Mrs. Hamblet participated in the conduct and management of the business and personally remained at the stable, an entirely different conclusion would have been reached by the court.

This court, in the case of *Bufkin* v. *Lyon & Co.,* 68 Miss. 256, 10 So. 38, in part said:

"It does not appear from the statement of facts who transacted business as to the goods, and that is the material inquiry and the determining factor under section 1300 of the Code. O. E. Bufkin was in possession as clerk, and presumably what he did was in that capacity, and in the name and behalf of his employer, as there is nothing to suggest the contrary."

The personal presence of the owners and their active participation in the conduct of the business negatives the fact that J. H. Godsey was transacting the business of the partnership as is contemplated by the statute.

*Affirmed.*