Rubenstein *et al. v.* Lynchburg Shoe Co.

[88 South. 14, No. 21732.[

FRAUDULENT CONVEYANCES. *Conduct of business by bankrupt's wife with husband as manager without sign on building held not a violation of the Sign Statute.*

Where a shoe company sells to a customer a bill of shoes and such customer is adjudged a bankrupt and the trustee in bankruptcy sells the stock of goods, including the shoes, to a firm bidding thereon, for cash, and the money is paid, and such bidder then sells the stock of goods to the wife of the bankrupt, taking her notes therefor, and where she opens a business in her own name, in which business her husband is made manager, but buys and and sells in her name and pays out of her funds, no goods being bought in the husband's credit or with his means, the failure to have a sign on the building where the business is conducted does not make a case under the sign statute (section 4784, Code of 1906; Hemingway's Code section 3128), and it is error under such facts to grant a peremptory instruction, for the judgment creditor of the husband on the theory that the sign statutes is applicable.

APPEAL from circuit court of Bolivar county.

HON. W. A. ALCORN, JR., Judge.

Action by the Lynchburg Shoe Company against F. Rubenstein and others. Judgment for plaintiff, execution was issued, and on trial of a claimant's issue a peremptory instruction was given for plaintiff and in judgment against J. Rubenstein, defendant, and defendants appeal. Reversed and rendered.

*Norman R. Allen,* for appellant.

The seizure under this execution is predicated upon the chance sighting by attorneys for the plaintiff of a sign exhibited in front of claimant's business, advertising a mid-summer sale and which sign seems to have been the same sign used by I. Rubenstein in the town of Shaw for a similar sale and borrowed for the occasion by Mrs. F. Rubenstein.

Plaintiffs in court below undertook to justify their seizure of the claimant's stock of merchandise on the ground that Joe Rubenstein, the husband of the owner, lived with his family in the rear of the house and aided and assisted his wife in the store, although his wife worked in and about the store and in the conduct of her business as much as her husband, and we submit that plaintiff in execution is not entitled to subject the stock of F. Rubenstein to the payments of the debts of Joe Rubenstein when it is evidenced that he not only worked in and about the F. Rubenstein store at the time when there was displayed the sign referred to above, reading "Rubenstein Sale" because the evidence further shows that he also worked in and around and about the sale in Shaw, Mississippi, in I. Rubenstein's store, when he exhibited identically the same sign.

We submit that the sign "Rubenstein's Sale" was right and properly and correctly used by Mrs. F. Rubenstein and that the mere fact of the Rubenstein's working in the store does not preclude her the legitimate use of such a sign without subjecting her stock to the harsh penalty of being subject to the payment of a debt of Joe Rubenstein, and submit that she had a right to the use of the sign and that she was conducting the business in her own name and with her own means, although her husband acted as her agent and clerk as the sign did not contain the words agent, factor, or company, or the like, and cite *Schoolfield* v. *Wilkins,* 60 Miss. 238; *Harris* v. *Robson,* 68 Miss. 506.

We submit also that *Robson Norton Company* v. *Fodsey,* 111 Miss. 171, is a case in point and protects the claimant, Mrs. F. Rubenstein. We submit that under the circumstances, the case should have been continued on account of the illness of Mrs. Rubenstein, as her presence in court and oral testimony given before the jury at the time of the trial and an opportunity to explain such matters as was necessary to be explaintd or as would have been brought out on cross-examination, would have clearly put the case to the jury in such light that a verdict would have been returned in favor of the claimant.

We also submit that taking into consideration all of the evidence, the court erred in granting plaintiff below the peremptory instruction to find for the plaintiff.

It is the contention of claimant that there is no proof in the record to show that Joe Rubenstein conducted the business as his own, nor is there any proof in the record which shows that the sign was a permanent sign displayed at the store and failing to disclose the owner thereof, but all of the proof tends to show that the sign was a temporary one borrowed for the occasion of a mid-summer sale for a very short run of said sale, and there is proof in the record 'to show that the very same sign or a similar one which we submit was the same sign—was displayed in the front of the store of I. Rubenstein in Shaw, Mississippi, either just preceding or following the appearance of the sign at the Rubenstein store in Doddsville and that Joe Rubenstein worked in and about that business in Shaw during that sale the same as he had been doing in his wife's store at Doddsville.

And we submit that the proof fails to disclose a case coming under the sign board law and warranting the taking of the property of F. Rubenstein for the payment of the debt due by Joe Rubenstein, as the sign in question did not contain any of the words set forth in the statute or such similar words as to bring the case within the operation of the statute, and we respectfully ask for a re-

versal of the judgment of the lower court and a judgment entered here for the claimant and the sureties on her bond.

*Somerville & Somerville,* for appellee.

The whole testimony in the case from pages 23 to 31 show conclusively that Mrs. Fannie Rubenstein had no more interest in this business than does any other wife in the business owned, operated, managed, and conducted by her husband. Mrs. Rubenstein was not in charge of this business, she did not invest one cent in the business, she did not pay her husband any salary, and all on earth she did, if anything, was to permit her husband to use her name in a fictitious way for the purpose of defrauding his creditors, and more especially this particular creditor. The vague, general, and indefinite statements of Mrs. Rubenstein introduced by her counsel are of no effect whatever, when the court had before it the evidence of the defendant, Joseph Rubenstein, showing conclusively that his wife had no real interest in the business. In addition to this, it is admitted in this record that there was no sign in any way indicating that Joseph Rubenstein was not the owner of the business.

Opposing counsel has not attempted to in any way justify this appeal by any reference to any particular part of the testimony in the record, and we submit that the appeal cannot be justified by a fair consideration of the entire record. True it is that he did introduce the vague and indefinite statements of his client, Mrs. Rubenstein, but that evidence was entirely too flimsy to overcome the other evidence in the record, which was evidence to the point and evidence of the fact in the case, whereas her evidence was a mere generalization, just as Joseph Rubenstein gives in his opening testimony.

A court of chancery could promptly decide that the record showed that this was really the property of Joseph Rubenstein, we think, and would subject the same to the payment of this debt, regardless of the signboard statute.

We think that a court of law also has a right to look. through such flimsy technicalities as have been used by Mr. and Mrs. Rubenstein and certainly the case is one for the operation of the sign board statute.

In the case of *Hamblett et al.* v. *Stein,* 65 Miss. 474, —— So. 431, we find the statute in question was construed by Judge Campbell, and the meaning of his decision is this: "This law has regard to the external indicia of ownership, and by these stamps ownership of the property to the extent of liability to the creditors of him who appears to be owner. A sign which shall proclaim the real owner is required where one owns and another conducts the business, so that the public may be informed how matters are."

The above case fully covers the case at bar, and we think settles it, because it is admitted on all hands that the defendant, Joseph Rubenstein, acted in every way as if he was the owner of this property.

In *Evans & Bright* v. *Henley & Carroll,* 166 Miss. 148, 5 So. 522, we find a case very similar to the one at bar, and we find that Judge Cooper there holds that the husband, being the agent of the wife and being created the vice principal, as in the case at bar, flatly and without equivocation, states: "Under such circumstances it was the duty of the principal (or of her agent), to display upon a sign at the place of business, the name of the true owner, failing in which as to the creditors of the husband, the property used or acquired in the business is to be treated as the property of the person by whom the business was ostensibly transacted. . . ."

We cannot see that there is any doubt whatsoever but that the stock of goods was liable to seizure in this case and the circuit judge agreed with us. The fact that there was a mere general statement by Rubenstein and his wife that the property belonged to his wife could make no difference, where all of the evidence showed that the statute applied. If the case had been submitted to a jury, and they had found in favor of the claimant, it would have been the

duty of the court to set aside that verdict, because it would have been contrary to the evidence in the case. That being the case, why go through any formality. The trial judge agreed with us that it was his duty to render final judgment on the evidence as submitted, and so instructed the jury.

We respectfully submit that the case should be affirmed.

Etheridge, J., delivered the opinion of the court.

Joe Rubenstein, the husband of the appellant, was formerly engaged in a mercantile business in the town of Shaw, Miss., and purchased from the Lynchburg Shoe Company certain merchandise. A judgment was rendered in favor of the Lynchburg Shoe Company against J. Rubenstein. In 1915 Joe Rubenstein became a bankrupt and filed a voluntary petition in bankruptcy, but was not discharged from liability for debts in bankruptcy proceedings.

The trustee in bankruptcy proceeded to sell the entire stock of goods, and the same was bought by a firm in Memphis, Tenn., who paid the trustee the money for the goods bought. Thereafter, on the same day, this firm, who had purchased the stock, sold the same to Mrs. F. Rubenstein and instructed the trustee in bankruptcy to deliver the stock of goods to Mrs. Rubenstein, which he did, and she opened a business in Shaw, Miss., in which her husband, J. Rubenstein, worked in the capacity of manager.

Thereafter Mrs. Rubenstein moved her stock of goods to Doddsville, Miss., and some time thereafter signs were posted advertising a sale in which no initial was used. The husband, J. Rubenstein, worked in said store in Doddsville and was manager thereof, doing the buying and selling, and paying out all money in the name of F. Rubenstein.

The plaintiff in the judgment of Lynchburg Shoe Company against J. Rubenstein had a lot of shoes manufactured by the Lynchburg Shoe Company and sold to J. Rubenstein, and which were in the stock of goods sold to

Mrs. F. Rubenstein by the purchaser at the bankrupt sale, seized, under this judgment, as the property of J. Rubenstein. Mrs. F. Rubenstein filed a claimant's issue and gave bond for the forthcoming of property seized.

On the trial in the circuit court on the claimant's issue, a merchant in Doddsville, who did business next door to Rubenstein, testified that J. Rubenstein conducted the business, that he did the buying and paying the money and seemed to have full control, and that he thought he was owner of the business. It is also in proof by J. Rubenstein himself that he managed the business, doing the buying and selling in the name of F. Rubenstein to the same extent as if he owned the business. The privilege license was taken out in the name of F. Rubenstein; and J. Rubenstein and F. Rubenstein, and the trustee in bankruptcy, all testified to the sale by the trustee to the Memphis firm, and the purchase by F. Rubenstein from said firm of said property.

It appears that there was no sign over the door or on the building in which the mercantile business was conducted at Doddsville to indicate whether the business was that of F. Rubenstein or J. Rubenstein. But the testimony shows that goods were bought and checks issued in the name of F. Rubenstein, on her funds, and that she gave her notes to the Memphis firm for the merchandise when she purchased same from said firm.

The circuit court gave a peremptory instruction in favor of the Lynchburg Shoe Company, plaintiff in execution, and in judgment against J. Rubenstein. We are advised that the circuit court proceeded upon the idea that the sign statute of this state, section 4784, Code of 1906 (Hemingway's Code, section 3128) was applicable to the case and constituted a justification for the peremptory instruction. This section reads as follows:

"3128 (4784). *Business Sign, and What to Contain.*— If a person shall transact business as a trader or otherwise, with the addition of the words 'agent,' 'factor,' 'and company,' or '& Co.,' or like words, and fail to disclose

the name of his principal or partner by a sign in letters easy to be read, placed conspicuously at the house where such business is transacted, or if any person shall transact business in his own name without any such addition, all the property, stock, money, and choses in action used or acquired in such business shall, as to the creditors of any such person, be liable for his debts, and be in all respects treated in favor of his creditors as his property."

In our opinion the sign statute is not applicable to this case. The goods involved passed into the possession of the trustee in bankruptcy and was sold by him to the Memphis firm, and the Memphis firm sold the goods to F. Rubenstein, taking her notes for the purchase money.

On the adjudication of bankruptcy against J. Rubenstein, the title to the property of J. Rubenstein passed to the trustee in bankruptcy, and if the shoe company desired to establish any preference claim as to the property sold J. Rubenstein over the other creditors, it should have done so in the bankrupt court. The business, after the purchase from the Memphis firm of this stock, was opened in the name of F. Rubenstein and conducted thereafter in her name. No goods were sold to J. Rubenstein, or on the faith of his credit, or on the idea that he was the owner of the business, so far as this action is concerned.

Any person may employ a business manager for his business so long as the business is run in his own name and the goods bought and sold in such name; and the fact that J. Rubenstein acted as manager of the store, and that there was no sign indicating that F. Rubenstein was the real owner, considered alone, is insufficient to bring the case within the purview of the statute. It was, accordingly, error to give a peremptory instruction for the plaintiff in execution, but a peremptory instruction should have been given for the claimant, F. Rubenstein.

The judgment will be accordingly reversed, and judgment entered here for the appellant.

*Reversed and rendered.*