### FINK v. SACK et al.

### In re LOEB'S, Inc.

(Circuit Court of Appeals, Fifth Circuit. February 13, 1923.)

No. 3884.

1. **Principal and agent ⊕⇒145(1)—Result of failure to disclose principal or partner stated; "person transacting business;" "property used or acquired."**

Hemingway's Code Miss. § 3128, providing that, if any person shall transact business as a trader with others without disclosing, by a sign or otherwise, the name of his principal or partner, all property used or acquired in the business shall be liable for his debts, does not render "property used or acquired" in a business liable for the debts of one who neither transacted the business nor owned the property.

2. **Bankruptcy ⊕⇒140(½)—Property of lessees conducting department in bankrupt's store held not subject to bankrupt's debts.**

Claimants conducted the grocery department in bankrupt's department store, leasing the space used from bankrupt, buying their goods in their own name, and hiring and paying their own help, though their business

⊕⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

with the public was conducted and advertised under the name of bankrupt. *Held*, that their goods were not subject to the debts of bankrupt, none of which were contracted after they entered the business.

Appeal from the District Court of the United States for the Northern District of Mississippi; Edwin R. Holmes, Judge.

In the matter of Loeb's, Inc., bankrupt; Jake Fink, trustee. From a decree disallowing the claim of the trustee to subject property owned by Sam G. Sack and Henry C. Loeb, trading as the Self-Serve Grocery Company, to the debts of the estate, the trustee appeals. Affirmed.

See, also, 279 Fed. 269.

J. Lake Roberson, John W. Cutrer, and John C. Cutrer, all of Clarksdale, Miss. (Woods & Kuykendall, of Charleston, Miss., and Roberson & Yerger and Cutrer & Smith, all of Clarksdale, Miss., on the brief), for appellant.

Harvey McGehee and Gerald Fitzgerald, both of Clarksdale, Miss., for appellees.

Before WALKER, BRYAN, and KING, Circuit Judges.

WALKER, Circuit Judge. This is an appeal from a decree which disallowed a claim made by the appellant, the trustee in bankruptcy of Loeb's, Inc., a corporation, that certain property, consisting of a stock of groceries and fixtures, owned by Sam G. Sack and Henry C. Loeb, trading as Self-Serve Grocery Company (herein called the lessees), was liable for the bankrupt's debts.

On January 24, 1921, Sack and Loeb entered in partnership under the above-stated name, and on the same day by written contract with Loeb's, Inc. (herein called the lessor), leased from the latter a designated part of the third floor of a store building in Clarksdale, Miss., in which the lessor conducted a department store; the lease contract providing for the lessees conducting in the rented space a department for the sale at retail of groceries. That instrument contained provisions to the following effect: That the lessor shall provide all water, heat, light, and elevator service suitable for the conduct of the business of the lessees; that the lessor shall receive all merchandise consigned to lessees, the latter to pay all freight, express, and drayage charges on such merchandise; that the lessees shall employ their own assistants and clerks at their own expense; that the time for opening and closing the business to be carried on by the lessees shall be controlled by the rules and regulations of the lessor, the giving and control of keys to be governed exclusively by the lessor; that employees of lessees shall conform to rules and regulations of lessor for the government of its own employees; that the business conducted by both parties shall be conducted under the name and style of the lessor; that lessees will advertise their business under the name of the lessor only, boxes and bags used by the lessees to bear the name of the lessor only; that the stock, fixtures, moneys, etc., of the lessees are their sole property, and are not to be used or held in part or as a whole as the property of the lessor. The lessees, after giving notice by advertise-

ment in a Clarksdale newspaper that the Self-Serve Grocery Company would, on a day stated, have an opening of its grocery business on the third floor of Loeb's Building, entered upon such business in the leased space; the goods used in that business were bought by the lessees in the firm name mentioned, were shipped to lessees under that name, and were paid for by lessees by their own checks; all employees engaged in conducting that business were employed, discharged, and paid by lessees; the lessees kept a separate set of books, insured in their own names stock, fixtures, etc., owned by them and used in the grocery business, made separate financial statements to commercial agencies, and took out in their own names and paid for separate privilege licenses; and the lessor did not exercise any control, custody, or management of the grocery business owned and carried on by lessees. While that business was so conducted, it was advertised under the name of the lessor, wrappers and bags containing groceries sold bore the lessor's name, and at times deliveries of groceries sold were made by the lessor's delivery wagon. The sign on the outside of the building bore only the name, "Loeb's, Inc." Several signs inside the building bore only the same name. No sign bore the name of the lessees, or that under which they traded. The lessor contracted no indebtedness after the lessees began the business mentioned.

[1] It is not claimed that the property sought to be subjected to liability for the lessor's debts was owned by the lessor. Nor is it claimed that anything which occurred had the effect of estopping the lessees to deny the liability asserted. The contention in behalf of the appellant is that, the facts being as above stated, the following statute has the effect of making the above-mentioned property of the lessees liable for the lessor's debts:

"*Business Sign, and What to Contain*—If a *person shall transact business* as a trader or otherwise, with the addition of the words 'agent,' 'factor,' 'and company,' or '& Co.,' or like words and fail to disclose the name of his principal or partner by a sign in letters easy to be read, placed conspicuously at the house where such business is transacted, or if any person shall transact business in his own name without any such addition, all the property, stock, money, and choses in action used or acquired in such business shall, as to the creditors of any such person be liable for his debts, and be in all respects treated in favor of his creditors as his property." Hemingway's Annotated Mississippi Code 1917, § 3128.

The quoted statute does not purport to make the property used or acquired in a business liable for the debts of one who neither transacts that business nor owns that property. Under the statute, for one person's property used or acquired in a business to become liable for the debts of another person, that business must be transacted by such other person. The statute creates no liability in the case of a business which is transacted by the owner of the property used or acquired therein. To give rise to the statutory liability asserted, it is not enough that signs bearing the lessor's name were used as above stated; that the lessor, in the exercise of a right given by contract, made rules and regulations governing the employees of the lessees, fixed the times for opening and closing, and did, or participated in doing, things having the effect of making it appear that the grocery business

of the lessees was a part of the business of the lessor, which was carried on in the same building. The transaction of a business by the debtor is a prerequisite to the attaching of the liability created by the statute. Mere appearances or indications that the business is his, and is carried on by him, are not by the statute given the effect of making property acquired or used in that business, regardless of the ownership thereof, liable for his debts.

The grocery business in question was in charge of the owners, the lessees, and was transacted by the lessees and their employees. The personal presence of the lessees and their employees, and their active participation in the conduct of the business, kept such relations as the lessor had to the business and the manner of carrying it on from having the effect of making the lessor, within the meaning of the statute, the party by whom that business was transacted. Rubenstein v. Lynchburg Shoe Co., 125 Miss. 528, 88 South. 14; Robinson, Norton Co. v. Godsey, 111 Miss. 171, 71 South. 312; Bufkin v. Lyon, 68 Miss. 256, 10 South. 38. From the facts that the property sought to be made liable for the debts of the lessor was owned by the lessees, and that, within the meaning of the above-quoted statute, the lessor did not transact the business in which that property was used or acquired, it follows that the decree appealed from was not erroneous.

That decree is affirmed.