## GLORIA APPAREL SHOPS, Inc., v. ROBERTS.

### In re LEVISON.

### No. 4035.

Circuit Court of Appeals, Fourth Circuit.

Oct. 6, 1936.

H. G. Morison, Jr., of Bristol, Va., for appellant.

Donald T. Stant, of Bristol, Va., for appellee.

Before NORTHCOTT and SOPER, Circuit Judges, and CHESNUT, District Judge.

NORTHCOTT, Circuit Judge.

This is an appeal from an order entered in the District Court of the United States for the Western District of Virginia, on December 15, 1935, in the matter of Sylvia Levison, bankrupt.

For a number of years prior to the year 1935 the bankrupt had been conducting the business of selling ladies' apparel and ladies' shoes under the name of "Sylvia Shop" in a leased building in Bristol, Va. Under leases dated April 29, and May 7, 1935, the bankrupt subleased half of the floor space in her store to the appellant, Gloria Apparel Shops, Inc., a New York corporation, for its use in selling ladies' apparel. Included in the sublease was one of the front show windows in the store.

After this subleasing the business of appellant was conducted in its half of the store by its manager and employees selected by it. The signs on the outside of the store remained "Sylvia Shop," and all the goods of appellant were advertised under the name, "Sylvia Shop."

The appellant, however, conducted its business separately and apart from the business of the bankrupt and all its goods were in the exclusive possession of its manager and employees. Neither the bankrupt nor any of her employees had any right to make sales of appellant's goods, and in both businesses separate cash registers were kept and separate bank deposits made. Both the Gloria Apparel Shop and the bankrupt employed and discharged their own employees, received shipments of merchandise in their separate business names and obtained and maintained their individual lines of credit. At no time did the bankrupt buy any merchandise from or sell any merchandise to the appellant.

This arrangement continued until November 15, 1935, when the said Sylvia Levison filed a petition in bankruptcy. The appellee, Bradley Roberts, was elected and duly qualified as trustee and asserted right to the ownership, custody, and control of appellant's merchandise, by virtue of section 5224 of the Code of Virginia, 1930. This claim of the trustee was resisted before the referee in bankruptcy by the appellant. The referee found against appellant, holding that the parties had not complied with the requirements of the statute

and that the goods claimed, of an agreed value of $1,000, had been acquired and used by the bankrupt, trading as the "Sylvia Shop," in the conduct of her business. The referee found, however, that there was neither allegation nor proof of fraud on the part of any of the parties.

The appellant petitioned the judge of the District Court for a review of the holding of the referee. The judge below, acting upon a stipulation of facts, entered an order affirming the referee. From this action, this appeal was brought.

 The only question involved is whether under the Virginia statute the goods of the appellant, under the undisputed facts, became liable for the debts of the bankrupt.

The statute involved reads as follows: "If any person transact business as a trader, with the addition of the words 'factor,' 'agent,' 'and company,' or 'and Co.,' and fail to disclose the name of his principal or partner by a sign in letters easy to be read, placed conspicuously at the house wherein such business is transacted, and also by a notice published for two weeks in a newspaper (if any) printed in the city, town or county wherein the same is transacted; or if any person transact such business in his own name, without any such addition; all the property, stock, and choses in action acquired or used in such business shall, as to the creditors of any such person, be liable for the debts of such person. This section shall not apply to a person transacting such business under a license to him as an auctioneer or commission merchant."

It is not necessary to quote authorities to the effect that statutes of this character, being in derogation of the common law, are to be strictly construed. We cannot see, however, under any construction, how the admitted facts stipulated here could be held to show that the bankrupt either acquired or used the goods in question in her business. It is true that both businesses were conducted in one store, but the bankrupt had no control of either the goods or the business of the Gloria Company. The businesses were separately managed and controlled in every respect. It is impossible for us to see how the bankrupt could be said to have acquired or used goods that she could not even sell.

The Virginia statute is similar to the Mississippi statute and that statute was construed by the Circuit Court of Appeals for the Fifth Circuit in Fink v. Sack et al., 287 F. 514, 516, where Walker, C. J. said: "The quoted statute does not purport to make the property used or acquired in a business liable for the debts of one who neither transacts that business nor owns that property. Under the statute, for one person's property used or acquired in a business to become liable for the debts of another person, that business must be transacted by such other person."

The Virginia statute has been construed by the highest court of that state in a number of decisions. In Hoge v. Turner, 96 Va. 624, 32 S.E. 291, it was held that the statute had no application where the goods, as were the goods here, were in possession of their true owner. In Edmunds v. Hobbie Piano Co., 97 Va. 588, 34 S.E. 472, it was held that the goods must have actually come into the hands of the trader with some interest in the trader beyond a mere bailment. See, also, the decision of this court, discussing this statute in Southern Dairies, Inc., v. Cooper, 35 F.(2d) 439.

The goods in question were neither acquired nor used by the bankrupt in her business within the plain meaning of the statute, and the holding of the court below was erroneous. The order giving the trustee possession of the goods of the appellant is accordingly reversed.