POSTAL TELEGRAPH-CABLE CO. V. CITY OF CHARLOTTESVILLE.

November 20, 1919.

1. CORPORATIONS—*Liability of Corporation to Criminal Prosecution.*—A corporation is liable to indictment or other criminal process.

2. TELEGRAPHS AND TELEPHONES—*Fine for Failure to Pay License Tax—Criminal or Civil Process—Case at Bar.*—The instant case was a proceeding by warrant issued by a police justice of a city against a telegraph company to show cause why it should not be fined for conducting intrastate telegraph business within the city without having paid the license tax imposed by an ordinance of the city. It was contended on behalf of the company that the court did not have jurisdiction to proceed by criminal warrant, the remedy being by civil process only. While it was true that the ordinance provided that the delinquent might be summoned before the police justice to show cause why it should not be fined for violation of the ordinance, that procedure was not exclusive; and though in form the process was a criminal warrant, nevertheless, no arrest was made under it, and it was merely treated as a summons to show cause. If objectionable in form, the process could have been corrected under Code of 1904, sec. 4107. The charter of the city expressly conferred jurisdiction to proceed by criminal warrant for violation of ordinances imposing license taxes. Acts 1914, sec. 31, p. 449; City Code of Charlottesville, sec. 213.

3. APPEAL AND ERROR—*Civil or Criminal Process—Harmless Error—Case at Bar.*—In the instant case it was obvious that the telegraph company was not prejudiced by the form of the process, and the irregularity, if irregularity it was, did not constitute reversible error.

4. TELEGRAPHS AND TELEPHONES—*License Tax on Telegraph Company—Interstate Commerce.*—To maintain the contention that an ordinance imposing a license tax upon intrastate business of a telegraph company was unconstitutional as a burden upon interstate commerce, the telegraph company introduced its books and two witnesses, its assistant treasurer and dis-

trict superintendent. The former was not the bookkeeper and did not make the original entries, and the district superintendent admitted that he had no connection with the financial end of the business. These witnesses necessarily relied upon information derived from others, and, in the absence of relevant facts within their own knowledge, sought to formulate a theory largely based upon the ratio that expense bears to revenue between the intrastate and interstate telegraphic traffic to show that if the tax be sustained it must trench upon interstate revenue.

*Held:* That if the evidence was admissible, it was insufficient to establish the contention that the ordinance was unconstitutional.

5. Appeal and Error—*Weight of Finding of Court.*—In a proceeding before a corporation court in the absence of a jury, the judgment of the court is entitled to the same weight as the verdict of a jury.

6. Telegraphs and Telephones—*License Tax—Interstate Commerce—Stare Decisis—Case at Bar.*—In the instant case a proceeding against a telegraph company to show cause why it should not be fined for conducting intrastate telegraph business without having paid a license tax, the reasonableness of the tax exacted, the character and volume of business considered, would seem to refute the suggestion that it is a disguised attempt to impose a burden on interstate commerce. But, however that might be, the identity of the question involved being conceded, and the character of evidence in both cases being substantially the same, the decision in *Postal Telegraph-Cable Co.* v. *City of Richmond,* 249 U. S. 252, 39 Sup. Ct. 265, 63, L. Ed. 590, is conclusive in favor of the validity of the license tax.

Error to a judgment of the Corporation Court of city of Charlottesville, in a proceeding by warrant against a telegraph company for failure to pay a license tax. Judgment for the city. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*W. F. Long* and *John N. Sebrell, Jr.,* for the plaintiff in error.

101

*Allen & Walsh* and *Gething C. Miller,* for the defendant in error.

Whittle, P., delivered the opinion of the court.

This was a proceeding by warrant issued by a police justice of the city of Charlottesville against the plaintiff in error to show cause why it should not be fined for conducting intrastate telegraph business therein without having paid the license tax of $100 imposed by city ordinance for that privilege. The punishment prescribed for violation of the ordinance is a fine of not less than $2.50 nor more than $10.00 for each day's default. From a judgment of the police justice imposing a fine of $200 for continuing delinquencies the company appealed to the corporation court of the city; and neither party requiring a jury the court found the defendant guilty as charged in the warrant and fixed its fine at $190. To that judgment this writ of error was awarded.

Plaintiff in error assigns two errors:

*First:* Because the court did not have jurisdiction to proceed by criminal warrant, the remedy being by civil process only; and

*Second:* Because the ordinance is unconstitutional, imposing a burden on interstate commerce.

[1, 2] 1. Whatever may have been the holding of earlier cases as to the non-liability of a corporation to indictment or other criminal process, the rule has long been otherwise in many States of the Union, including Virginia. *Commonwealth* v. *Swift Run Gap Co.,* 2 Va. Cas. (4 Va.) 362; *N. & W. Ry. Co.* v. *Commonwealth,* 93 Va. 749, 24 S. E. 837, 34 L. R. A. 105, 57 Am. St. Rep. 827. See also, 7 R. C. L. 764 *et seq.,* where the subject is discussed. Moreover, the charter of the city of Charlottesville expressly confers jurisdiction to proceed by criminal warrant for violation of

ordinances imposing license taxes. Acts 1914, sec. 31, p. 419; City Code, sec. 213.

It is true the ordinance prescribing the license tax in the instant case provides that the delinquent may be summoned before the police justice to show cause why it should not be fined for violation of the ordinance, but that procedure is not exclusive; and though in form the process was a criminal warrant, nevertheless, no arrest was made under it, and it was merely treated as a summons to show cause. If objectionable in form, the process could have been corrected under Va. Code, 1904, sec. 4107. Besides, the procedure in this instance was similar to that employed in *Postal Telegraph-Cable Co.* v. *City of Norfolk,* 118 Va. 455, 87 S. E. 555, where a fine was imposed upon the same company for violation of a similar ordinance.

[3] It is obvious that plaintiff in error was not prejudiced by the form of the process; and the irregularity, if irregularity it was, does not constitute reversible error. Burks' Pl. & Pr. 774.

[4, 5] 2. The second assignment upon which a reversal of the judgment is asked is, "that the ordinance is unconstitutional, being a burden upon interstate commerce."

To maintain that contention plaintiff in error introduced its books and two witnesses, the assistant treasurer and district superintendent. The former was not the bookkeeper and did not make the original entries; and the district superintendent admitted that he had no connection with the "financial end of the business." These witnesses necessarily relied upon information derived from others, and, in the absence of relevant facts within their own knowledge, sought to formulate a theory largely based upon the ratio that expense bears to revenue between the intrastate and interstate telegraphic traffic to show that if the tax be sustained it must trench upon interstate revenue.

The intelligent judge of the corporation court, who tried

this case without a jury, was of opinion that the evidence, if admissible, was insufficient to establish the contention that the ordinance was unconstitutional. In these circumstances, the judgment of the lower court is entitled to the same weight as the verdict of a jury. Burks' Pl. & Pr. 767. Besides, that character of evidence has been condemned as insufficient both by this court and by the Supreme Court of the United States. *Postal Telegraph-Cable Co.* v. *City of Norfolk, supra; Postal Telegraph-Cable Co.* v. *City of Richmond,* 249 U. S. 252, 39 Sup. Ct. 265, 63 L. Ed. 590.

The last-named case in essence holds that the superadded circumstances relied on by plaintiff in error to differentiate the instant case from the Norfolk city case are inadequate to establish the contention that the ordinance is a disguised attempt to tax interstate commerce. The identity of the questions presented by the record in this case and in *Postal Tel., etc., Co.* v. *City of Richmond, supra,* is vouched for in the following excerpt from the petition for a writ of error (the same counsel representing the telegraph company in both cases) : "There is now pending in the Supreme Court of the United States the case of *Postal Tel.-Cable Co.* v. *City of Richmond,* which presents this very question and in which the court has refused the motion of the city to dismiss or affirm. That case is expected to be reached for argument in December." In point of fact, the unanimous opinion of the court affirming the decree of the District Court of the United States for the Eastern District of Virginia, was handed down by Mr. Justice Clarke on March 17, 1919. There, as here, the effort was made by supplementary evidence to strengthen the weak places pointed out in the opinion of this court in the Norfolk case. The learned justice (249 U. S. at page 257, 39 Sup. Ct. 265, 63 L. Ed. 590) observes: "Except for the contention that this record shows affirmatively and clearly that the taxes complained of are necessarily unreasonable and a burden upon inter-

state commerce, the case could well be disposed of without discussion, on the authority of decided cases." Again, 249 U. S. at page 258, 39 Sup. Ct. 266 (63 L. Ed. 590), it is said: "* * * a careful examination of the record fails to convince us that it contains that clear and convicing evidence that the tax thus falls upon interstate commerce, which is necessary to justify a finding that the ordinance is unconstitutional and void." On page 259 of 249 U. S., at page 266 of 39 Sup. Ct. (63 L. Ed. 590) we quote: "Even if the net returns from the intrastate business should not equal such tax, and it must be paid from interstate earnings, this alone would not be conclusive against its validity. If the method of doing interstate business necessarily imposes duties and liabilities upon a municipality, it may not be charged with the cost of these without just compensation. Even interstate business must pay its way —in this case for its right of way and the expense to others incident to the use of it * * *. Such compensation should also include the expense of inspection of the poles and wires used, and of such supervision of the business conducted in the streets, as may be reasonably necessary to secure the safety of life and property of the inhabitants and of the uses of the streets; but with the authority in the courts, on proper application, to determine whether, under the conditions prevailing in given case, the charge made is reasonably proportionate to the service to be rendered and the liabilities involved, or whether it is a disguised attempt to impose a burden on interstate commerce." Concluding, at page 261 of 249 U. S., at page 267 of 39 Sup. Ct. (63 L. Ed. 590), it is said: "But municipal ordinances which, for constitutional inquiry, are deemed State laws, will be declared void only when clearly shown to be unconstitutional; and this very certainly cannot be said of the ordinances in this case, assailed as they are upon inadequate evidence and upon purely empirical calculations which we are asked to adopt."

[6] In this case the reasonableness of the tax exacted, the character and volume of business considered, would seem to refute the suggestion that it is a disguised attempt to impose a burden on interstate commerce. However that may be, the identity of the question involved being conceded, and the character of evidence in both cases being substantially the same, the decision in the Richmond case is conclusive and renders further discussion of this case unnecessary.

The judgment complained of is without error and must be affirmed.

*Affirmed.*