# Richmond.

## SEVENTH STREET GARAGE COMPANY, INC., v. J. HERBERT MERCER, SHERIFF OF THE CITY OF RICHMOND, AND OTHERS.

March 22, 1928.

Absent, Burks, J.

1. APPEAL AND ERROR—*Findings of Court—Findings on Conflicting Evidence of Same Weight as Verdict.*—The findings of the court where a jury is waived where there is sufficient evidence to sustain the conclusion of the court is on appeal given the same weight as the verdict of a jury upon a conflict of the evidence.

2. TRADERS ACT—*Assumed Name—Findings of Court—Conflicting Evidence —Case at Bar.*—In the instant case executions against one Plumb were executed on property found upon the premises of "Plumb Service Station," conducted by Plumb. Plaintiff in error asserted title to the property levied upon, claiming to be the true owner thereof. By stipulation of the parties it appeared that plaintiff in error had not complied with the statute as to conducting business under an assumed name, section 4722 (1) of the Code of 1924, or with the provisions of the traders act, section 5224. Defendants in error introduced evidence which tended to show that prior to October, 1925, Plumb was conducting a business on the premises occupied by the Plumb Service Station. Plaintiff in error offered evidence to show that Plumb ceased to do business as the Plumb Service Station in October, 1925, and that the business was operated in its name and that Plumb was its employee and that the property levied upon had been purchased by plaintiff in error from parties other than Plumb. There was a waiver of a jury and on the conflict of the evidence the judgment of the court was in favor of defendants in error.

*Held:* That the judgment of the lower court should be sustained on appeal.

3. TRADERS ACT—*Knowledge of Creditors of True Ownership of Property— Case at Bar.*—In the instant case plaintiff in error asserted title to property levied upon on utionsexec against another. Section 5224

of the Code of 1919 provides that property on the premises of a person conducting business in his own name on such premises without complying with the act, shall be liable for the debts of such person. Plaintiff in error asserted that the instant case was not ruled by this act, for the reason that creditors had not been misled inasmuch as they knew that plaintiff in error was conducting the business and that no fraud had been committed.

*Held:* That both the decision of the trial court on a conflict of the evidence and the adjudicated cases in Virginia were against this contention of plaintiff in error.

4. Traders Act—*Exceptions or Qualifications—Knowledge or Want of Knowledge.*—The language of the statute, section 5224 of the Code of 1919, is plain, explicit and imperative. It leaves no room for exception or qualification. If any person, as is alleged in this case, transact business as a trader in his own name with the addition of the word "agent," or in his own name, without such addition, and fail to comply with the provisions of the statute, it makes all the property, stock and choses in action acquired or used in such business absolutely liable for his debts, whether contracted in the particular business or not, and without regard to knowledge by the creditor of the principal, if principal there be. Knowledge, or want of knowledge, plays no part in the application of the statute. That is an immaterial matter. The only question is whether the person was doing business as a trader within the meaning of the statute, and has complied or failed to comply with its positive requirements.

Error to a judgment of the Circuit Court of the city of Richmond, under which claimant asserted title to property levied on in execution. Judgment for defendants. Claimant assigns error.

*Affirmed.*

The opinion states the case.

*Allen G. Collins,* for the plaintiff in error.

*George B. White,* for the defendants in error.

Campbell, J., delivered the opinion of the court.

The judgment here complained of by the plaintiff in error was entered by the trial court in a proceeding

instituted by the sheriff of the city of Richmond, pursuant to the provisions of section 6152 of the Code.

On the 1st day of March, 1926, defendants in error, James River Oil Company, Incorporated, and George S. Hewitt, recovered judgment against one F. C. Plumb, for the respective sums of $411.44 and $115.50, with interest and costs.

Executions on these two judgments were issued and simultaneously were placed in the hands of Mercer, sheriff, and executed by him on the 15th day of March, 1926, by levying on the stock and property found upon the premises of Plumb Service Station, conducted by F. C. Plumb. On the day of the levy of the executions, plaintiff in error asserted title to the property levied upon, claiming to be the true owner thereof.

Upon the call of the case for trial, a jury being waived, the whole matter of law and fact was heard and determined by the court. Upon the pleadings and the proof, the learned trial court was of the opinion, and accordingly ordered, that the property in dispute is subject to the respective liens of the defendants in error.

By stipulation of all parties the following facts appear:

(1) The judgments of the James River Oil Company and George S. Hewitt, respectively, against Frank C. Plumb, the issuance of the execution thereon and the levy of said execution are correct as set forth in the bill and answer.

(2) There has been no publication in a newspaper by the Seventh Street Garage Company, Incorporated, of their ownership of the gasoline filling station at the corner of Lombardy and Seminary avenue, Richmond, Virginia, designated and referred to in this case as "Plumb Service Station." There was no sign on said

place disclosing the ownership of the Seventh Street Garage Company, Incorporated.

(3) There has been no certificate by the Seventh Street Garage Company, Incorporated, filed in the clerk's office of the Chancery Court of the city of Richmond, nor in the clerk's office of the State Corporation Commission of Virginia, setting forth the name under which the business of the Plumb Service Station was to be conducted or transacted, or the names of each and every person or corporation owning the same, with their respective post office and residence addresses, as set forth in an act approved March 23, 1922, Acts 1922, page 596, chapter 360; Code of 1924, section 4722 (1).

(4) The photograph of the Plumb Service Station, as exhibited in evidence and marked "Exhibit ——," is a correct picture of the station and signs thereon with such additions as are hereafter expressly set out and shows the situation in such respects both before and after the date on which the Seventh Street Garage Company, Incorporated, claims ownership of said station and the situation up to the time of the levy above referred to.

(5) The sign "Plumb Service Station" as shown in said picture was purposely left on said premises after the date the Seventh Street Garage Company, Incorporated, claims to have acquired ownership of said station.

(6) The lease to said premises was in the name of Frank C. Plumb and shows that it is not assignable without consent of the owner, and in explanation of why the contract between Frank C. Plumb and the Seventh Street Garage Company, Incorporated, contained a clause that the rent might be paid in the name of Frank C. Plumb, it was admitted that this was done because the owner of the premises refused to consent to an assignment of the lease, and the Seventh Street

Garage Company had to pay the rent in the name of Frank C. Plumb.

To further maintain the issue upon their part, the defendants in error introduced evidence which tended to show that prior to October, 1925, F. C. Plumb was conducting a business on the premises occupied by the Plumb Service Station, and engaged in buying and selling gasoline and automobile accessories; that, subsequent to said date, Plumb had been in charge of the Plumb Service Station and was engaged in buying and selling automobile accessories.

The plaintiff in error offered evidence to show that F. C. Plumb ceased to do business as the Plumb Service Station in October, 1925; that the business at the location stated was operated in its name; that Plumb was an employee of plaintiff and that the property levied upon had been purchased by plaintiff from parties other than Plumb.

[1, 2] On the conflict of the evidence, the judgment of the court is in favor of the defendants in error. There is sufficient evidence to sustain this conclusion of the court and its judgment is in this court given the same weight as the verdict of a jury upon a conflict of the evidence. *Newton* v. *White*, 115 Va. 844, 80 S. E. 561; *P. T. Cable Co.* v. *Charlottesville*, 126 Va. 800, 101 S. E. 357; Burks' Pl. & Pr. 767.

The law question herein involved is to be determined by a construction of section 5224, known as the trader's act. So much of this section as is applicable is as follows: "If any person transact such business in his own name * * * all the property, stock and choses in action acquired or used in such business shall, as to creditors of any such person, be liable for the debts of any such person."

Almost every provision of this act has been construed in one or the other of the following cases: *Edmunds* v. *Hobbie Piano Co.*, 97 Va. 588, 34 S. E. 472; *Partlow* v. *Lickliter*, 100 Va. 631, 42 S. E. 671; *Hoge* v. *Turner*, 96 Va. 629, 32 S. E. 291; *Nusbaum* v. *City Bank*, 132 Va. 54, 110 S. E. 363; *Boice* v. *Finance and Guaranty Corporation*, 127 Va. 563, 102 S. E. 591, 10 A. L. R. 654; *Capital Motor Corp.* v. *Lasker*, 138 Va. 630, 123 S. E. 376. These cases are in harmony with the contention of the defendants.

[3] It is earnestly contended, however, by counsel for the plaintiff in error that the instant case is not ruled by these decisions, for the reason that creditors have not been misled, inasmuch as they knew that plaintiff was conducting the business; that no fraud had been committed. Both the decision of the trial court on the conflict of evidence and the adjudicated cases are against this contention.

In *Hoge* v. *Turner, supra,* Judge Riely, dealing with the questions of knowledge and fraud, said: "The purpose of the legislature in enacting the statute, as the title of the original act passed March 28, 1839, shows, was to prevent persons carrying on business under false or fictitious names and firms. The object was to prevent fraud; to compel any person transacting business as a trader to disclose the name of the real owner of the business, if any other there be; to prevent any shifting or evasion of ownership and liability for debts in case of controversy; and to preclude the assertion of secret claims of ownership against creditors of him who has conducted the business, possessed the property, and appeared to be its owner.

[4] "The language of the statute is plain, explicit and imperative. It leaves no room for exception or qualification. If any person, as is alleged in this case,

transact business as a trader in his own name with the addition of the word 'agent,' or in his own name without such addition, and fail to comply with the provisions of the statute, it makes all the property, stock and choses in action acquired or used in such business absolutely liable for his debts, whether contracted in the particular business or not, and without regard to knowledge by the creditor of the principal, if principal there be. Knowledge, or want of knowledge, plays no part in the application of the statute. That is an immaterial matter. The only question is whether the person was doing business as a trader within the meaning of the statute, and has complied or failed to comply with its positive requirements."

We are of the opinion that the instant case is controlled by the former decisions of this court construing section 5224 of the Code, and that there is no error in the judgment complained of, and it must be affirmed.

*Affirmed.*