# Richmond

## WALKER A. HOWREN v. MAUDE ESTELLE HOWREN.

March 14, 1935.

Present, Campbell, C. J., and Holt, Epes, Hudgins, Gregory, Browning and Chinn, JJ.

The opinion states the case.

*James E. Heath,* for the appellant.

*O. L. Shackleford* and *C. F. Whitley,* for the appellee.

CAMPBELL, C. J., delivered the opinion of the court.

This suit was brought by the appellant against the appellee to obtain a divorce *a mensa,* on the ground of desertion.

Appellee filed her answer and cross-bill, admitting that on the 11th day of April, 1933, she had severed marital relations with the appellant, but alleges that the separation was forced upon her by the cruel treatment of her husband; that his cruel treatment extended over a period of several years but that on account of their only child, a boy of tender years, she had continued to live with appellant, upon his assurance that his cruel acts would cease.

In her cross-bill she specifically alleged that his cruelty culminated on the eleventh of April in his attempt to have sexual intercourse with a colored maid in the home; that upon discovering this transgression she was fearful that if she interviewed appellant upon the subject he would do her bodily harm, as he had upon several former occasions assaulted her. The cross-bill prayed for a divorce *a mensa* from the appellant.

With the exception of one deposition taken on behalf of appellee, the case was heard by the court upon the testimony of sixteen witnesses. At the conclusion of the testimony the chancellor was of opinion that the bill of appellant should be dismissed, that the prayer of the cross-bill should be sustained, and accordingly entered a decree granting appellee a divorce *a mensa et thoro,* awarding her the custody of the child and permanent alimony.

Appellant assigns as error the following grounds:

"1. That the evidence of respondent herself discloses that she had no just cause for leaving her home, and that, in doing so, she deliberately deserted and abandoned complainant.

"2. That complainant, having been deserted and abandoned by his wife, without just cause, was entitled to a decree against her."

The evidence is shocking in some of its details and no good purpose would result from setting it forth.

In the petition of appellant it is said:

"It must be conceded that they painted a pretty ugly picture of him. All of this complainant earnestly denied; and it is a matter of great regret to him that the trial court saw fit to accept the testimony which was offered against him. He feels that this testimony carries upon its face, because of its very violence, proof of its untrustworthiness, *but, at the same time, he recognizes that the court had the right to view the matter differently. Accordingly, if the case had ended here, complainant would have to submit to the decision of the lower court.* But it will be recalled that respondent, in her cross-bill, having alleged the assaults upon her by complainant, had immediately admitted her condonation of them." (Italics added.)

This concession is in keeping with the frequent holdings of this court.

In *Hartman* v. *Melfa Banking Co.,* 162 Va. 433, 174 S. E. 653, 654, Justice Holt said:

"When a case is heard by a judge in open court without the intervention of a jury, his judgment upon a conflict of evidence has the same weight as the jury's verdict. (*Seventh Street Gar. Co.* v. *Mercer,* 150 Va. 269, 142 S. E. 350), and this is true in chancery where the evidence is given in open court."

The chancellor having settled the question of the conflict of evidence, the remaining question is, did appellee condone the cruel treatment of appellant? In our opinion she did not.

In *Owens* v. *Owens,* 96 Va. 191, 31 S. E. 72, 74, Judge Keith said: "Condonation is defined to be the remission by one of the married parties of an offense which he knows the other has committed against the marriage, on the condition of being continually afterwards treated by the other with conjugal kindness. * * * Cruelty, it is said, is cumulative, admitting of degrees and augmenting by addition; so that it may be condoned and even forgiven for a time, and up to a certain point, without any bar in sense or reason to bring it all forward when the continuance of it has rendered it no longer condonable. While, therefore, acts of

violence committed at an earlier period, and which have not prevented the wife from living with her husband, or going back to him after they have been separated, cannot be made the sole foundation of an action of separation, they form the subject of investigation and proof with a view to determine what is the true issue in the case, namely: Whether the wife can with safety to her person and health continue to live with him."

The case at bar falls within the doctrine of the *Owens Case* and the decree appealed from should be affirmed.

Counsel asks that this court allow a reasonable attorney's fee for representing appellee in this court. The record shows that appellant only receives $200 a month as salary. In view of this disclosure, we hold that the allowance already made appellee is sufficient.

*Affirmed.*